RUSSELL v. KERN.

(Circuit Court, E. D. Wisconsin. August 10, 1893.)

1. PATENTS FOR INVENTIONS—ASSIGNMENT—WHAT CONSTITUTES.
    Instruments executed by a patentee purporting to perfect and establish in another the sole and entire right to an invention in certain named states, excepting "two mill rights heretofore sold," which "are excepted * * * in the above adjustment of territory," constitute an assignment of the patent subject to the specified mill rights, and authorize the assignee, or persons claiming through him, to institute suits for infringement.

**2. SAME--SUIT FOR INFRINGEMENT---PLEADING.**

Where the inventions covered by several patents enter into and constitute one compact machine, it is necessary, in suing for infringement, to complain upon all of the patents, notwithstanding that some of them have expired; and any question as to the effect of the patents which have expired, and their treatment, upon an accounting with reference to the machine as a whole, must be left to the final hearing.

In Equity. Suit by John H. Russell against John F. Kern, surviving partner, etc., for infringement of certain patents. On demurrer to the bill. Overruled.

George E. Sutherland and Isaac Sharpe, for complainant.
N. C. Gridley and Samuel Howard, for defendant.

SEAMAN, District Judge. The defendant demurs to complainant's amended bill for injunction, etc., which charges him with infringement of 10 several letters patent, issued to George T. Smith, alleged as entering into one compact machine known as "Geo. T. Smith's Middlings Purifier," and substantially employed by defendant. The several patents and title exhibits are annexed to the complaint. It appears that some have expired, but that the invention was of a new machine, which superseded the old methods of manufacturing flour, and for which, as a whole, the original application was made, but subsequently divided, because interferences were interposed; and the patents issued as interferences were disposed of.

The first ground stated for demurrer is want of title in complainant. It is conceded that this point was squarely raised in this court in an action at law upon the same title by this complainant against J. O. Kendall and others, and determined in January, 1891, in favor of the plaintiff, (58 Fed. Rep. 381;) but it is urged in behalf of the defendant that recent decisions of the supreme court, which were not published, and not before the court at that hearing, have settled a rule by which the instruments purporting to give title to the complainant constitute a mere license, on which an action for infringement cannot be maintained. The cases cited are Pope Manuf'g Co. v. Gormully & Jeffery Manuf'g Co., 144 U. S. 248, 12 Sup. Ct. Rep. 641, and Waterman v. Mackenzie, 138 U. S. 252, 11 Sup. Ct. Rep. 334, and I do not find that they in any measure extend the definition of an assignment held in the early and leading case of Gayler v. Wilder, 10 How. 477, which must have had careful consideration in the Kendall decision. On the contrary, I think these later cases, upon the facts stated in each, tend to support the Kendall ruling.

The instruments here in question, held to constitute assignments, (Exhibits Q and T,) purport to "perfect and establish in Wilson Ager, complainant's assignor, the sole and entire right to said invention" in and for the state of Wisconsin and other states, excepting "two mill rights heretofore sold by said Smith in the state of Wisconsin, one in Hudson and one in the county of Trempealeau, in said state, are excepted in favor of said Smith in the above adjustment of territory."

In Pope Manuf'g. Co. v. Gormully & Jeffery Manuf'g Co. it is held that a conveyance by the patentee of one claim only out of several in the patent, being only so far as it related to a certain hammock seat or saddle in a velocipede, constituted only a license, because there was no authority for so splitting up the several claims in a patent, and placing them in separate ownership, and approving the rule as to assignments in Gayler v. Wilder, supra. The conveyance contained an exception in favor of a right to use the saddle in connection with the velocipede made by the patentee at Detroit, and as to that provision no point appears to have been made upon the appeal, as it is not referred to in the opinion; but in the decision below (34 Fed. Rep. 893) by Gresham and Blodgett, JJ., their opinion is expressed as follows:

"The language of this assignment is broad and comprehensive enough to completely transfer all the rights of the patentee to the hammock-seat feature of his patent, saving to the assignor a mere shop right for the city of Detroit; and hence we think this objection is not well taken."

This view would save the instrument here, and, although not passed upon by the supreme court, because of the ruling upon the other point, it is excellent authority for like interpretation of this assignment.

In Waterman v. Mackenzie there was an assignment by the patentee, Waterman, to his wife of the whole patent and invention, and a subsequent unrecorded license from the wife to the husband to manufacture and sell under it. The wife subsequently assigned to Shipman & Sons, for the purpose of securing an indebtedness, but in the covenant excepted the license to her husband. Shipman & Sons assigned to Shipman. Mrs. Waterman afterwards assigned to the plaintiff absolutely, and the latter brought suit for infringement. The contention on the part of the plaintiff was that the transfer to Shipman & Sons, being only by way of mortgage security, did not interfere with the absolute transfer to him. The decision was against this proposition, holding that such conveyance confers title, and it further expressly finds title and right of action to be vested solely in Shipman; hence the outstanding license in Waterman did not interfere with such effect.

In Gayler v. Wilder it was held that there was not an assignment of the exclusive right within a specified territory, because the assignor reserved right to set up a manufactory for making the patented safes, and to sell them within the same territory. A patent was declared to be a monopoly for one entire thing, which could only be assigned in accordance with the statute, either in whole or in an undivided part, or an exclusive right for a specified territory; and the opinion states that it was the intention of the statute to prevent divisions of the monopoly, which must "inevitably lead to fraudulent imposition upon persons who desired to purchase the use of the improvement, and would subject a party, who, under a mistake as to his rights, used the invention without authority, to be harassed by a multiplicity of suits, instead of one, and to successive recoveries of damages by different per-

sons, holding different portions of the patent right in the same place."

The exceptions from the assignment to Ager in this case create no such difficulties or liability. They are two specified "mill rights" in certain places, which the patentee had previously granted, synonymous with "shop rights," as defendant concedes, and presumably mere licenses to have and use the machine in the specified place. It may be that the licensees would have the right, as defendant's counsel points out, to make or have made a new machine to replace the old, and preserve its use; but they could not employ it outside the specified place, or sell, or license others to use. There would be no interference with the monopoly in the territory granted outside those mills, and I think no division, within the meaning of the decisions.

The other questions upon the title of complainant are met by the opinion on Kendall's demurrer. 58 Fed. Rep. 381.

I have considered the several further objections urged to the complaint, and must overrule them. Upon the point of laches, while the alleged losses in 1873 may not be valid excuses for delay, and it may be that the proofs will fail to make clear showing for equitable relief, the allegations of the amended bill must be taken as true, without reference to the original bill, for the purposes of demurrer, namely, that the complainant "knew nothing of the said infringement until three years last past," and that he "has been, and still is, in a condition of absolute poverty." The allegations of the bill are also sufficient to show a compact machine, into which the several patents enter, and that it is proper and necessary to complain upon all. Deering v. Harvester Works, 24 Fed. Rep. 91. Any question as to the effect of those patents which have expired, and their treatment, upon accounting, with reference to the machine or improvement as a whole, must be left for the hearing.

The demurrer to the bill is overruled, with leave to defendant to answer by the first Monday of October.