RUSSELL v. KERN.

(Circuit Court, E. D. Wisconsin. September 13, 1894.)

1. PATENTS—IDENTITY OF INVENTION.

It appeared on demurrer that certain patents to George T. Smith (Nos. 187,923, 194,539, 208,936, 236,101, and 258,142), for machines for middlings purifying and flour dressing, covered the same invention shown and described in prior and expired patents to the same inventor. *Held*, that the question of identity is one of law, which can be determined solely from the face of the patents. Heald v. Rice, 104 U. S. 737; Miller v. Manufacturing Co., 14 Sup. Ct. 310, 151 U. S. 186.

2. SAME—EXTENSION OF MONOPOLY.

The patents are invalid, as operating to extend the monopoly beyond the period allowed by law. Miller v. Manufacturing Co., supra; Oval Wood Dish Co. v. Sandy Creek Wood Manuf'g Co., 60 Fed. 285.

3. SAME—VALIDITY—PRELIMINARY HEARING.

Where a demurrer raises the question of invalidity on a preliminary hearing, while the question is ordinarily left to final hearing, it may be determined on preliminary hearing, where the issue is squarely presented on the face of the complainant's bill.

This was a suit by John H. Russell against John F. Kern for the infringement of certain patents, hereinafter enumerated in the opinion of the court. There was a demurrer to the original amended bill (58 Fed. 382), and, the bill having been further amended, the defendant again demurs.

George E. Sutherland, for complainant.

H. C. Gridley and Samuel Howard, for defendant.

SEAMAN, District Judge. The defendant demurs to an amended bill, alleging ownership in complainant and infringement by defendant of 10 several letters patent, issued to George T. Smith, for machines for middlings purifying and flour dressing, and for process, as-

serted as constituting one compact machine. Copies of the patents are annexed to and made part of the bill of complaint, and are numbered and dated as follows: First, No. 133,898, issued December 10, 1872, on application filed October 21, 1872, for machine for dressing flour; second, No. 137,495, issued April 1, 1873, on application filed October 12, 1872, for process of manufacturing flour; third, No. 154,-770, issued September 8, 1874, on application filed August 17, 1874, for flour-dressing machine; fourth, No. 158,992, issued January 19, 1875, on application filed May 20, 1872, for middlings-purifying machine; fifth, No. 164,050, issued June 1, 1875, on application filed July 12, 1871, for machine for dressing flour and middlings; sixth, No. 187,923, issued February 27, 1877, on application filed December 28, 1876, for middlings purifier; seventh, No. 194,539, issued August 28, 1877, on application filed September 8, 1874, for middlings purifier; eighth, No. 208,936, issued October 15, 1878, on application filed August 29, 1878, for middlings purifier; ninth, No. 236,101, issued December 28, 1880, on application filed November 2, 1880, for middlings purifier; tenth, No. 258,142, issued May 16, 1882, on application filed January 4, 1873, for middlings purifier.

This case was before the court upon demurrer to the original amended bill, and demurrer overruled. 58 Fed. 382. The bill of complaint has been further amended, and new points are now raised by demurrer. The following allegation in the original bill is now, among other changes, omitted, viz.:

The complainant further shows, upon information and belief, and charges the fact to be, that it is impossible to assess damages or estimate profits arising singly from the use of one of the devices covered by the George T. Smith's patents above mentioned, or any combination thereof less than the whole of them, and that damages cannot be assessed or profits determined in any other way than by taking the George T. Smith's middlings-purifying machine as a whole, as the same has been used by the defendant, and assessing damages or estimating profits for the use of said machine as a whole, and damages cannot be assessed or determined in parts or for parts thereof.

This allegation was deemed material at the former hearing to save for consideration the earlier and expired patents, as entering into the asserted compact machine.

The original bill was filed May 31, 1892, after the following of the patents in suit had expired, viz.: No. 133,898, of December 10, 1872; No. 137,495, of April 1, 1873; No. 154,770, of September 8, 1874; No. 158,992, of May 20, 1872. And No. 164,050, which was dated June 1, 1875, expired immediately thereafter, and before return of subpoena, and appears fully anticipated by No. 133,898. No claim to relief in equity could be based upon either of these expired patents. The objections which are now raised to the remaining and unexpired patents are serious, and, if well taken, are fatal to any relief here.

1. The objection which will be first considered is that the invention shown and described in the later and unexpired patents is the same invention shown and described in one or the other of the prior and expired patents issued to the same inventor. These prior patents are each fully disclosed by the bill as entering into a cause of action. Comparing their specifications and drawings with those

of the later patents, and in the light of the summary of mechanical elements claimed for each, as set out in the brief for complainants, I can find no escape from the conclusion that these later patents are covered by those of earlier issue, and are invalid, under the rules clearly stated in the recent case of Miller v. Manufacturing Co., 66 O. G. 845, 151 U. S. 186, 14 Sup. Ct. 310; also, in Oval Wood Dish Co. v. Sandy Creek Wood Manuf'g Co., 66 O. G. 1895, 60 Fed. 285. The differences seem to be in phraseology and not in device. Their allowance would "operate to extend or prolong the monopoly beyond the period allowed by law." For this comparison, it does not seem that aid could be afforded by extrinsic evidence; but the question of identity is one of law, which can be determined solely from the face of the patents. Heald v. Rice, 104 U. S. 737; Miller v. Manufacturing Co., supra. It is not a question of patentable invention, in the general sense, or of inquiry into the prior state of the art, but only whether or not the subsequent patents are mere duplications or aggregations of the prior patented devices of the same inventor, set out in the same bill. While this determination would ordinarily be left to final hearing, it seems so squarely presented on the face of this bill that exception may well be made in favor of the preliminary ruling here called for.

2. The further point is urged that it appears from the face of the bill that the complainant is the assignee only of rights here under letters patent No. 133,898, and another patent, not in suit. This involves a construction of the instruments of assignment, and beyond any consideration deemed necessary at the former hearing, if it be assumed that the amended bill excludes the granting of any relief under No. 133,898, as an expired patent. This point impresses me as well presented by demurrer, because the bill distinctly pleads these sources of title as allegations of title in complainant; and I think there is much force in the objection that the assignment may not be held applicable to the later patents, but, in the view reached upon the preceding point, do not find a decision necessary.

The questions here raised are fundamental, and if they can be decided at the threshold, and I am right in my views, it will prove a great saving to all parties to have them now determined. If I am mistaken, the correction can be had by an appeal before the large expense in preparation for final hearing shall be incurred; and, in anticipation of that course, I have not deemed it necessary to extend this opinion beyond a statement of my conclusions, especially as there are so many demands upon my time. The demurrer will be sustained, and the bill dismissed for want of equity.