## WATERMAN v. MACKENZIE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

No. 82: Argued November 19, 1890. — Decided February 2, 1891.

An agreement, by which the owner of a patent for an invention grants to another person "the sole and exclusive right and license to manufacture and sell" the patented article throughout the United States, (not expressly authorizing him to use it,) is not an assignment, but a license, and gives the licensee no right in his own name to sue a third person, at law or in equity, for an infringement of the patent.

The mortgagee of a patent, by assignment recorded within three months from its date in the patent office, is the party entitled (unless otherwise provided in the mortgage) to maintain a bill in equity against an infringer of the patent.

THIS was a bill in equity, filed April 24, 1886, against James A. Mackenzie and Samuel R. Murphy, by Lewis E. Waterman, claiming to be the sole and exclusive owner of a patent granted to him by the United States on February 12, 1884, for an improvement in fountain pens, and of the invention thereby secured; alleging an infringement thereof by the defendants; and praying for an injunction, a discovery, an account of profits and damages.

The defendants filed a plea, which alleged that the plaintiff, at the time of filing the bill, was not possessed, either of the patent, or of an exclusive right under it to the whole or any specified part of the United States; for that certain assignments in writing under seal of the patent and invention, from the plaintiff to Sarah E. Waterman, his wife, from her to the firm of Asa L. Shipman's Sons, and from that firm to Asa L. Shipman, were made by the parties thereto, and were recorded in the Patent Office, at the dates stated below, and that Shipman continued to be possessed of the patent and invention until and including the time of the filing of the bill.

The plaintiff filed a general replication. At the hearing on the issue thus joined, the following instruments, executed in

New York by and between citizens of that State, were duly proved:

1st. An assignment, made February 13, 1884, and recorded March 27, 1884, from Lewis E. Waterman, the plaintiff, to Sarah E. Waterman, his wife, of the whole patent and invention.

2d. A "license agreement," made between Mr. and Mrs. Waterman on November 20, 1884, and never recorded, by which she granted to him "the sole and exclusive right and license to manufacture and sell fountain penholders containing the said patented improvement throughout the United States," and he agreed to pay her "the sum of twenty-five cents as a license fee upon every fountain penholder so manufactured by him."

3d. An assignment, made November 25, 1884, and recorded November 29, 1884, from Mrs. Waterman to the firm of Asa L. Shipman's Sons, of the whole patent and invention, expressed to be made in consideration of the payment of the sum of $6500, and containing this provision: "The consideration of this assignment is, that whereas the said Lewis E. Waterman and the said Sarah E. Waterman have, on this 25th day of November, 1884, made a joint note of hand for the sum of $6500, payable to the said Asa L. Shipman's Sons three years from this date, with interest at six per cent; now, if the said Lewis E. Waterman and myself, or either of us, shall well and truly pay the said note, according to its tenor, then this assignment and transfer shall be null and void, otherwise to be and remain in full force and effect." It also contained covenants of full right to assign, and against all incumbrances, "except a license to the said Lewis E. Waterman to manufacture and sell pens" under the patent, being the license above mentioned.

4th. An assignment, made November 25, 1884, in consideration of the payment of the sum of $6500, and recorded November 29, 1884, from the firm of Asa L. Shipman's Sons to Asa L. Shipman, of all the right and title acquired by the assignment made to them by Mrs. Waterman, as well as the promissory note thereby secured.

5th. An assignment, made April 16, 1886, and recorded April 22, 1886, from Mrs. Waterman to the plaintiff, of all her right, title and interest in the patent and invention, and all her claims or causes of action for the infringement of the patent, and rights to damages or profits by reason thereof.

The Circuit Court allowed the plea, for reasons stated in its opinion, as follows: "The transfer to Asa L. Shipman is in language so emphatic and exact that there is little opportunity for misapprehension. It matters not what the instrument is called. It matters not that it may be defeated by the payment of $6500 on November 25, 1887. The fact remains that by virtue of this assignment or mortgage the title to the patent was, on April 24, 1886, when this action was commenced, outstanding in Asa L. Shipman. If it was not absolute, it was a present, existing title, defeasible upon a condition subsequent. On April 16, therefore, when Sarah E. Waterman assigned all her right, title and interest to the complainant, she had nothing to assign which could at all change the legal status of the parties. She could not vest a clear title to the patent in the complainant, for the obvious reason that she had previously disposed of it and did not own it. The agreement of November 20, 1884, being a license and nothing more, does not enable the complainant to maintain this action without joining the holder of the legal title. The suggestion that, irrespectively of the Shipman assignment, the complainant is entitled to prosecute for infringements alleged to have occurred between February 12 and November 25, 1884, is equally unavailing; for, assuming such a right of action to exist, it could only be maintained on the law and not on the equity side of the court. The plea is allowed. The complainant may amend, upon payment of costs, within ten days." 29 Fed. Rep. 316.

The plaintiff not having filed an amended bill within the ten days, a final decree was entered dismissing his bill, with costs, and he appealed to this court.

*Mr. Walter S. Logan* for appellant.

No appearance for appellees.

Mr. Justice Gray, after stating the case as above, delivered the opinion of the court.

Every patent issued under the laws of the United States for an invention or discovery contains " a grant to the patentee, his heirs and assigns, for the term of seventeen years, of the exclusive right to make, use and vend the invention or discovery throughout the United States and the Territories thereof." Rev. Stat. § 4884. The monopoly thus granted is one entire thing, and cannot be divided into parts, except as authorized by those laws. The patentee or his assigns may, by instrument in writing, assign, grant and convey, either, 1st, the whole patent, comprising the exclusive right to make, use and vend the invention throughout the United States; or, 2d, an undivided part or share of that exclusive right; or, 3d, the exclusive right under the patent within and throughout a specified part of the United States. Rev. Stat. § 4898. A transfer of either of these three kinds of interests is an assignment, properly speaking, and vests in the assignee a title in so much of the patent itself, with a right to sue infringers; in the second case, jointly with the assignor; in the first and third cases, in the name of the assignee alone. Any assignment or transfer, short of one of these, is a mere license, giving the licensee no title in the patent, and no right to sue at law in his own name for an infringement. Rev. Stat. § 4919; *Gayler* v. *Wilder,* 10 How. 477, 494, 495; *Moore* v. *Marsh,* 7 Wall. 515. In equity, as at law, when the transfer amounts to a license only, the title remains in the owner of the patent; and suit must be brought in his name, and never in the name of the licensee alone, unless that is necessary to prevent an absolute failure of justice, as where the patentee is the infringer, and cannot sue himself. Any rights of the licensee must be enforced through or in the name of the owner of the patent, and perhaps, if necessary to protect the rights of all parties, joining the licensee with him as a plaintiff. Rev. Stat. § 4921. *Littlefield* v. *Perry,* 21 Wall. 205, 223; *Paper Bag Cases,* 105 U. S. 766, 771; *Birdsell* v. *Shaliol,* 112 U. S. 485–487. And see *Renard* v. *Levinstein,* 2 Hem. & Mil. 628.

Whether a transfer of a particular right or interest under a patent is an assignment or a license does not depend upon the name by which it calls itself, but upon the legal effect of its provisions. For instance, a grant of an exclusive right to make, use and vend two patented machines within a certain district, is an assignment, and gives the grantee the right to sue in his own name for an infringement within the district, because the right, although limited to making, using and vending two machines, excludes all other persons, even the patentee, from making, using or vending like machines within the district. *Wilson* v. *Rousseau*, 4 How. 646, 686. On the other hand, the grant of an exclusive right under the patent within a certain district, which does not include the right to make, and the right to use, and the right to sell, is not a grant of a title in the whole patent right within the district, and is therefore only a license. Such, for instance, is a grant of " the full and exclusive right to make and vend" within a certain district, reserving to the grantor the right to make within the district, to be sold outside of it. *Gayler* v. *Wilder*, above cited. So is a grant of " the exclusive right to make and use," but not to sell, patented machines within a certain district. *Mitchell* v. *Hawley*, 16 Wall. 544. So is an instrument granting " the sole right and privilege of manufacturing and selling" patented articles, and not expressly authorizing their use, because, though this might carry by implication the right to use articles made under the patent by the licensee, it certainly would not authorize him to use such articles made by others. *Hayward* v. *Andrews*, 106 U. S. 672. See also *Oliver* v. *Rumford Chemical Works*, 109 U. S. 75.

An assignment of the entire patent, or of an undivided part thereof, or of the exclusive right under the patent for a limited territory, may be either absolute, or by way of mortgage and liable to be defeated by non-performance of a condition subsequent, as clearly appears in the provision of the statute, that " an assignment, grant or conveyance shall be void as against any subsequent purchaser or mortgagee for a valuable consideration without notice, unless it is recorded in the Patent Office within three months from the date thereof." Rev. Stat. § 4898.

Before proceeding to consider the nature and effect of the various instruments given in evidence at the hearing in the Circuit Court, it is fit to observe that (as was assumed in the argument for the plaintiff) by the law of the State of New York, where all the instruments were made and all the parties to them resided, husband and wife are authorized to make conveyances and contracts of and concerning personal property to and with each other, in the same manner and to the same effect as if they were strangers. *Armitage* v. *Mace*, 96 N. Y. 538; *Adams* v. *Adams*, 91 N. Y. 381.

By the deed of assignment of February 13, 1884, the plaintiff assigned to Mrs. Waterman the entire patent right. That assignment vested in her the whole title in the patent, and the exclusive right to sue, either at law or in equity, for its subsequent infringement.

The next instrument in order of date is the "license agreement" between them of November 20, 1884, by which she granted to him "the sole and exclusive right and license to manufacture and sell fountain penholders containing the said patented improvement throughout the United States." This did not include the right to use such penholders, at least if manufactured by third persons, and was therefore a mere license, and not an assignment of any title, and did not give the licensee the right to sue alone, at law or in equity, for an infringement of the patent. *Gayler* v. *Wilder*, *Paper Bag Cases* and *Hayward* v. *Andrews*, above cited. The plaintiff not having amended his bill, pursuant to the leave granted by the Circuit Court, by joining the licensor as a plaintiff, this point requires no further notice.

Nor is it doubted that the Circuit Court rightly held that, if the plaintiff was entitled to recover only for infringements occurring between February 12 and November 25, 1884, his remedy was at law. *Root* v. *Railway Co.*, 105 U. S. 189.

The remaining question in the case, distinctly presented by the plea, and adjudged by the Circuit Court, is of the effect of the deed of November 25, 1884, by which Mrs. Waterman assigned to the firm of Asa L. Shipman's Sons all her right, title and interest in the invention and the patent, with an

express provision that the assignment should be null and void if she and her husband, or either of them, should pay at maturity a certain promissory note of the same date made by them and payable to the grantees. This instrument, being a conveyance made to secure the payment of a debt, upon condition that it should be avoided by the subsequent payment of that debt at a time fixed, was a mortgage, in apt terms and in legal effect. *Conard* v. *Atlantic Ins. Co.*, 1 Pet. 386, 446, 447. On the same day, the mortgagees assigned by deed to Asa L. Shipman all their title under the mortgage, and the promissory note thereby secured. Both assignments were recorded in the Patent Office within three months after their date; and the title thereby acquired by Shipman was outstanding in him at the times of the subsequent assignment of the patent right by Mrs. Waterman to the plaintiff, and of the filing of this bill. This last assignment was therefore subject to the mortgage, though not in terms so expressed.

By a mortgage of personal property, differing in this respect from a pledge, it is not merely the possession or a special property that passes; but, both at law and in equity, the whole title is transferred to the mortgagee, as security for the debt, subject only to be defeated by performance of the condition, or by redemption on bill in equity within a reasonable time; and the right of possession, when there is no express stipulation to the contrary, goes with the right of property. Story on Bailments, § 287; Story Eq. Jur. §§ 1030, 1031; *Conard* v. *Atlantic Ins. Co.*, 1 Pet. 386, 441; *Casey* v. *Cavaroc*, 96 U. S. 467, 477; *Boise* v. *Knox*, 10 Met. 40, 43; *Brackett* v. *Bullard*, 12 Met. 308, 310.

A mortgage of real estate has gradually, partly by the adoption of rules of equity in courts of common law, and partly by express provisions of statute, come to be more and more considered as a mere security for the debt, creating a lien or incumbrance only, and leaving the title in the mortgagor, subject to alienation, levy on execution, dower and other incidents of a legal estate; but the rules upon the subject vary in different States; and a mortgage is everywhere considered as passing the title in the land, so far as may be

necessary for the protection of the mortgagee, and to give him the full benefit of his security. *Stelle* v. *Carroll,* 12 Pet. 201; *Van Ness* v. *Hyatt,* 13 Pet. 294; *Hutchins* v. *King,* 1 Wall. 53, 58; *Brobst* v. *Brock,* 10 Wall. 519, 529, 530. After the mortgagee has taken possession, the mortgagor has no power to lease; and the mortgagee is entitled to have, and is bound to account for, the accruing rents and profits, damages against trespassers, timber cut on the premises, and growing crops. *Keech* v. *Hall,* 1 Doug. 21; *Turner* v. *Cameron's Coalbrook Co.,* 5 Exch. 932; *Dawson* v. *Johnson,* 1 Fost. & Finl. 656; *Fairclough* v. *Marshall,* 4 Ex. D. 37, 47, 49; *Scruggs* v. *Memphis &c. Railroad,* 108 U. S. 368, 375; *Teal* v. *Walker,* 111 U. S. 242; *Hutchins* v. *King,* above cited; *Gore* v. *Jenness,* 19 Maine, 53; *Bagnall* v. *Villar,* 12 Ch. D. 812. Even against a mortgagor in possession, the mortgagee may obtain an injunction or damages for such cutting of timber as tends to impair the value of the mortgage security, or as is not allowed by good husbandry or by express or implied license from the mortgagee. *Robinson* v. *Litton,* 3 Atk. 209, 210; *Farrant* v. *Lovel,* 3 Atk. 723; *Hampton* v. *Hodges,* 8 Ves. 105; *Humphreys* v. *Harrison,* 1 Jac. & Walk. 581; *King* v. *Smith,* 2 Hare, 239; *Kountz* v. *Omaha Hotel Co.,* 107 U. S. 378, 395; *Verner* v. *Betz,* 1 Dickinson (46 N. J. Eq.) 256, 267, 268; *Page* v. *Robinson,* 10 Cush. 99; *Searle* v. *Sawyer,* 127 Mass. 491; *Waterman* v. *Matteson,* 4 R. I. 539.

A mortgagee of a leasehold or other personal property has the like right to an injunction to stay waste by the mortgagor. *Farrant* v. *Lovel,* above cited; *Brown* v. *Stewart,* 1 Maryland Ch. 87; *Parsons* v. *Hughes,* 12 Maryland, 1. The right of action against a stranger for an injury to goods mortgaged, generally, though not always, depends upon the right of possession. When the right of possession is in the mortgagor, he is usually the proper party to sue. *Sellick* v. *Smith,* 11 J. B. Moore, 459, 475; *Brierly* v. *Kendall,* 17 Q. B. 937; *Luse* v. *Jones,* 10 Vroom (39 N. J. Law) 707; *Copp* v. *Williams,* 135 Mass. 401. But even a mortgagee out of possession may sometimes maintain an action for an injury to his interest. *Gooding* v. *Shea,* 103 Mass. 360; *Manning* v. *Monaghan,* 23

N. Y. 539, and 28 N. Y. 585 ; Woodside v. Adams, 11 Vroom (40 N. J. Law) 417, 421, 422. And when the right of possession, as well as the general right of property, is in the mortgagee, the suit must be brought by the mortgagee, and not by the mortgagor or any one claiming under a subsequent conveyance from him. Conard v. Atlantic Ins. Co., 1 Pet. 386 ; Wood v. Weimar, 104 U. S. 786; Clapp v. Campbell, 124 Mass. 50; Watson v. Macquire, 5 C. B. 836, 844. When it is provided by statute that a mortgage of personal property shall not be valid against third persons, unless the mortgage is recorded, a recording of the mortgage is a substitute for, and (unless in case of actual fraud) equivalent to, a delivery of possession, and makes the title and the possession of the mortgagee good against all the world. Aldrich v. Ætna Ins. Co., 8 Wall. 491, 497; Robinson v. Elliott, 22 Wall. 513, 521 ; Bullock v. Williams, 16 Pick. 33 ; Coles v. Clark, 3 Cush. 399, 401.

A patent right is incorporeal property, not susceptible of actual delivery or possession ; and the recording of a mortgage thereof in the Patent Office, in accordance with the act of Congress, is equivalent to a delivery of possession, and makes the title of the mortgagee complete towards all other persons, as well as against the mortgagor. The right conferred by letters patent for an invention is limited to a term of years ; and a large part of its value consists in the profits derived from royalties and license fees. · In analogy to the rules governing mortgages of lands and of chattels, and with even stronger reason, the assignee of a patent by a mortgage duly recorded, whose security is constantly wasting by the lapse of time, must be held (unless otherwise provided in the mortgage) entitled to grant licenses, to receive license fees and royalties, and to have an account of profits or an award of damages against infringers. There can be no doubt that he is "the party interested, either as patentee, assignee or grantee," and as such entitled to maintain an action at law to recover damages for an infringement; and it cannot have been the intention of Congress that a suit in equity against an infringer to obtain an injunction and an account of profits, in which the court is authorized to award damages, when necessary to fully

compensate the plaintiff, and has the same power to treble the damages as in an action at law, should not be brought by the same person. Rev. Stat. §§ 4919, 4921; *Root* v. *Railway Co.*, 105 U. S. 189, 212.

The necessary conclusion appears to us to be that Shipman, being the present owner of the whole title in the patent under a mortgage duly executed and recorded, was the person, and the only person, entitled to maintain such a bill as this; and that the plea, therefore, was rightly adjudged good.

In the light of our legislation and decisions, no weight can be given to the case of *Van Gelder* v. *Sowerby Bridge Society*, 44 Ch. D. 374, in which, upon pleadings and facts similar to those now before us, the mortgagor of a patent was treated as a mortgagor in possession, and was allowed to maintain a suit for infringement, under the provisions of the English Judicature Act of 1873 and Patent Act of 1883. Stats. 36 & 37 Vict. c. 66, § 25; 46 & 47 Vict. c. 57, §§ 23, 46, 87.

Whether, in a suit brought by the mortgagee, the court, at the suggestion of the mortgagor, or of the mortgagee, or of the defendants, might, in its discretion, and for the purpose of preventing multiplicity of suits or miscarriage of justice, permit or order the mortgagor to be joined, either as a plaintiff or as a defendant, need not be considered, because no such question is presented by this record.

*Decree affirmed.*

MR. JUSTICE BROWN, not having been a member of the court when this case was argued, took no part in its decision.