DOLE & a. v. HICKEY & a.

A mortgagee having obtained a temporary injunction restraining the mortgagor from certain unauthorized acts, which injunction was dissolved after redemption from the mortgage, the mortgagor was held not entitled to damages on the injunction bond.

BILL IN EQUITY, for an injunction against hauling logs on to a mill-pond, part of the Stark Mill property. Facts found by a referee. A temporary injunction was issued January 16, 1886. A bond was given by the plaintiffs to the defendants in compliance with an order made under the 36th equity rule (56 N. H. 611), conditioned that the plaintiffs would pay all damages occasioned to the defendants by the injunction in case the suit should be determined against the plaintiffs. The injunction was dissolved at the October term, 1889.

In March, 1882, the defendant, Edward Hickey, owned the Stark Mill property subject to a mortgage to Hiram Emery. Emery had been put in possession in a foreclosure suit, and the year of redemption had nearly expired. March 20, 1882, Hickey quitclaimed his interest to Gilbert Soule and Charles E. Dole, predecessors of the plaintiffs in title ; and they agreed with him that if they redeemed the property from the mortgage he should have the right to pay one half of their advances, and that upon such payment they would release to him one undivided half of the property. It was further agreed that Hickey should operate the lands and mill, and pay his share of the advances from the profits. Soule and Dole paid Emery $9,500, April 28, 1882, — being the sum required to redeem, less $1,000 paid by Hickey,—and took from Emery a warranty deed of the property. They operated the lands and mill themselves during the balance of that season, employing Hickey as their superintendent at a stated salary. The

next two seasons they and their successors in the title sold stumpage from the lands, and leased the mill and appurtenances to Hickey.  The last lease expired May 1, 1885.  When the temporary injunction was issued, they were engaged in cutting logs from the lands and putting them on the mill-pond, to be sawn at the mill during the following summer.  Hickey, claiming to be acting for his wife (the other defendant), was also cutting logs from outside lands and hauling them on to the pond, with the intention of sawing them at the mill.  The injunction interrupted him.  It was inconvenient for both parties to occupy the mill-pond at the same time, and it would have been inconvenient for them to use the mill to saw logs belonging to them severally.

Immediately after the commencement of this suit, Hickey brought a bill in equity against Soule and Dole for the specific performance of the agreement to convey the property.  See *Hickey* v. *Dole*, 66 N. H. 336.  Both suits were sent to the same referee and heard together.  The referee stated the account between Hickey and Soule and Dole and their successors (the plaintiffs), from which it appeared that when the temporary injunction was issued Soule and Dole and their successors had not received from the rents and profits of the property a sufficient sum to cancel Hickey's half of the mortgage indebtedness, and that, April 21, 1889, they had received a sum more than sufficient by $2,696.07. In this accounting the referee considered all the elements of damages claimed by Hickey to have arisen from his exclusion from possession of the property while the injunction was in force.  The referee did not report whether the injunction was properly granted. A decree has been rendered in *Hickey* v. *Dole*, and the sum due Hickey thereby has been paid.  Hickey now claims damages on account of the injunction.

*William Heywood* and *Bingham, Mitchell & Batchellor*, for the plaintiffs.

*Drew & Jordan* and *Bingham & Bingham*, for the defendants.

CHASE, J.  When the injunction was issued (January 16, 1886) the plaintiffs had a legal title to the Stark Mill property by the deeds from Hickey and Emery.  By their agreement with Hickey, he had a right to redeem one undivided half of the property by paying one half the advances made by them to Emery.  *Hickey* v. *Dole*, 66 N. H. 336.  Although the plaintiffs held an unconditional legal title to this half, they were in fact and in equity mortgagees of it.  In the absence of an agreement otherwise, they were entitled to retain the possession and take the profits until Hickey performed his part of the agreement.  *Brown* v. *Cram*, 1 N. H. 169; *Furbush* v. *Goodwin*, 29 N. H. 321; *Tripe* v. *Marcy*, 39 N. H. 439, 444; *Gray* v. *Gillespie*, 59 N. H. 469; *Waterman*

v. *MacKenzie*, 138 U. S. 252, 258, 259. Moreover, the agreement did not authorize Hickey to bring logs from outside lands and saw them at the mill, but only to operate the lands and mill together. The plaintiffs might have maintained an action of trespass against him for the acts he would have done but for the injunction. *Furbush* v. *Goodwin*, *supra*. Under these circumstances it is unnecessary to determine whether the injunction was properly issued. If it was not, no damage was occasioned to the defendants by it, for its only effect was to restrain them from committing trespass. Their rights were not infringed by it. They are not in a position to claim reimbursement for expenses incurred in an attempt to procure a dissolution of it. On the other hand, if the injunction was rightfully issued, it fulfilled its office by protecting the plaintiffs' possession until they were paid the sum due them according to their agreement with Hickey. After such payment there was no occasion for its continuance.

*Case discharged.*

BLODGETT, J., did not sit: the others concurred.