BOWERS HYDRAULIC DREDGING CO. v. VARE et al.

(Circuit Court, E. D. Pennsylvania. December 2, 1901.)

PATENTS—SUIT BY LICENSEE FOR INFRINGEMENT—TITLE TO SUSTAIN.

    A license granted by a patentee vested the licensee with the exclusive right to use, make for use, and sell for use, the patented inventions, within a specified territory, subject to certain exceptions and reservations, among which was a reservation to the patentee of the right to use within such territory for a specified purpose, and to make therein for such use and for use outside of such territory. It was also provided expressly that the licensee should not lease or sell any part of the inventions of the patents for use outside the territory specified without the written consent of the licensor. *Held* that such contract did not amount to a grant of the exclusive right to "make, use, and vend" throughout the specified territory, which would authorize the licensee to maintain a suit for infringement therein in its own name.

In Equity. Suit for infringement of patent. On demurrer to bill.

J. S. Freeman, for complainant.

Frank S. Busser and Ira J. Williams, for respondent.

DALLAS, Circuit Judge. The bill of complaint in this case has been demurred to because, inter alia, it "shows upon its face that plaintiff is a mere licensee of the owner of the patent in suit"; and, if this averment be true, the complainant cannot, under the well-settled law, maintain this suit. The title alleged is founded upon an agreement by which there was—

"Sold, transferred, and conveyed * * * an exclusive license, subject to the exceptions, reservations, and provisos hereinafter specified, to use, make for use, and sell for use, each and all of the devices and inventions granted, covered, and protected in each and all of the aforesaid letters patent and pending applications, throughout the Atlantic Coast, from Sandy Hook, in the state of New Jersey, to Cape Henry, in the state of Virginia, and in all the rivers, bays, harbors, and waters leading into and tributary to said line of sea coast between Sandy Hook and said Cape Henry, and in the territory drained thereby in the states of New Jersey, Pennsylvania, Delaware, Maryland, Virginia, and the District of Columbia, but in no other place or places."

The rights to make, to use, and to sell are here plainly conveyed; and if this had been done absolutely, without qualification, limitation, or restriction, there could be no question that the instrument, though entitled a "license and agreement," would, as to the territory designated, have vested in the plaintiff the right to sue for infringement in its own name. But the grant was expressly made subject to the exceptions, reservations, and provisos specified; and

by these there was excepted and reserved to the patentee the right to construct and to enlarge canals wholly or in part within the said territory, and also to build therein for such canal work, and for use outside of said territory, all the devices and inventions referred to in the agreement; and it was also provided that

"No machine or machines, or part or parts of a machine or machines, or device or devices covered and protected by said letters patent, or any of them, shall by the party of the second part [the plaintiff] be taken and used, or sold or leased to be taken and used, out of said territory; and no such machine, device, or invention shall be sold or leased by said party of the second part without a written proviso that the same shall not be taken, or leased or sold to be taken, outside of the territory hereinbefore specified, without the written consent of said Bowers, or his heirs or assigns."

That the whole patent was not assigned by this agreement is manifest, and therefore the only question is whether or not it granted the exclusive right to make, use, and vend throughout the specified territory. Waterman v. Mackenzie, 138 U. S. 252, 11 Sup. Ct. 334, 34 L. Ed. 923. Upon reading the agreement in its entirety (Chicago, R. I. & P. R. Co. v. Denver & R. G. R. Co., 143 U. S. 609, 12 Sup. Ct. 483, 36 L. Ed. 281), it plainly appears that, even as to the territory designated, the right granted was not an exclusive one. Though called an "exclusive license," yet, of course, its scope was confined within the boundaries which were plainly prescribed for it. The rights to make and to sell were, by the granting clause itself, limited to making or selling "for use * * * throughout the Atlantic Coast," etc.; and by the proviso the licensee was expressly precluded from either itself making and using, or selling or leasing to others for use, out of said territory. Hence it seems to be obvious that, while the sole right to use within that territory was (subject to what will presently be said about the reservations) acquired by the licensee, the right to make and to sell therein for use elsewhere was not transferred to it, but remained in the licensor. Furthermore, from the clauses which are designated in the agreement both as "exceptions" and "reservations,"—and it is unimportant which name be given to them (Chicago, R. I. & P. R. Co. v. Denver & R. G. R. Co., 143 U. S. 609, 12 Sup. Ct. 483, 36 L. Ed. 281),—it appears that the exclusive right even to use within said territory did not pass to the licensee, but that, for certain purposes, the right to use therein was excepted out of the grant and reserved to the patentee. The view which I have taken of the effect of the writing under consideration goes to the root of the matter. If correct, it shows that the patentee still retains such an interest in the monopoly granted by his patent as renders any subversion of it, even within the territory covered by the license, an injury to him, as well as to the licensee; and from this it follows that he is a necessary party to any bill which seeks relief founded upon an allegation of infringement.

The third of the causes assigned by the defendants in support of their demurrer to the plaintiff's bill of complaint is sustained, and the others need not be considered. The demurrer is allowed.