### ATWOOD LOCK CO. v. YALE & TOWNE MFG. CO.

(Circuit Court, D. Massachusetts. April 8, 1902.)

#### No. 1,148.

PATENTS—ASSIGNMENT OR LICENSE—CONSTRUCTION OF INSTRUMENT.

 An instrument by which a patentee transfers to another "the exclusive right, license, and privilege to manufacture and sell" the patented article "for use in any and all places" does not convey the right to use, and is not an assignment, but a mere license, which does not give the licensee any title to the patent nor right to sue at law in his own name for its infringement.

At Law. Action for infringement of patent. On demurrer to declaration.

Alexander P. Browne, for plaintiff.

William A. Jenner, for defendant.

COLT, Circuit Judge. A patentee may assign the whole patent, or an undivided part, or the exclusive right under the patent for a specified portion of the United States. Any assignment by the patentee

of either of these three kinds of interest must convey the monopoly granted to the patentee on the issue of his patent, which is the right to make, use, and vend the invention for the term of 17 years. Any assignment or transfer which does not cover the monopoly is a "mere license, giving the licensee no title in the patent, and no right to sue at law in his own name for an infringement." Waterman v. Mackenzie, 138 U. S. 252, 255, 11 Sup. Ct. 334, 34 L. Ed. 923, and cases cited.

In the case at bar, the grant to the plaintiff of the exclusive right under the patent is set forth in the following provision of the instrument:

"Now, therefore, I, the said James M. Atwood, in consideration of the sum of six thousand dollars to me paid by the said Atwood Lock Company, hereby sell and grant unto the said Atwood Lock Company the exclusive right, license, and privilege to manufacture and sell to the full extent of the grant contained in said letters patent, and of any extension or renewal thereof, the sash fasteners containing the patented improvements and manufactured under said patent, for use in any and all places, subject to the conditions hereinafter recited."

By the terms of this provision there is no grant of the exclusive right to use, but the grant is limited to the exclusive right to manufacture and sell. A part of the monopoly, namely, the exclusive right to use, still remains in the patentee. Under the authority of Waterman v. Mackenzie, this instrument is a mere license, and gives the assignee no right to sue in his own name. The words, "for use in any and all places," cannot be construed as a grant of the exclusive use. These words follow the grant of the exclusive right to manufacture and sell, and can only be interpreted as signifying the right to use in any and all places the patented article which may be manufactured and sold by the plaintiff. In view of the clear and express language of the instrument, I do not feel warranted in varying its terms to meet what the plaintiff contends was the intention of the parties.

Demurrer sustained.