CONSOLIDATED RUBBER TIRE CO. et al. v. B. F. GOODRICH CO.

SAME v. REPUBLIC RUBBER CO.

(District Court, N. D. Illinois, E. D. December 20, 1916.)

Nos. 29176, 29177

1. PATENTS ⚙287—CONTRIBUTORY INFRINGEMENT—MEASURE OF LIABILITY.

Where two parties contribute to an infringement, but by separate acts, as one by the sale of materials, and the other by the manufacture and sale of the infringing article, they are not liable jointly, but separately, each for his own part of the infringement.

[For other cases, see Patents, Cent. Dig. §§ 457–459; Dec. Dig. ⚙287.]

2. PATENTS ⚙286—INFRINGEMENT—DAMAGES RECOVERABLE.

In a suit by the owner of a patent for its infringement by the sale by defendant of material to be used in making the infringing article, complainant may recover for sales made in territory covered by exclusive licenses given by him, but limited to such territory, since the licensees cannot sue in their own names for such recovery.

[For other cases, see Patents, Cent. Dig. §§ 453–456; Dec. Dig. ⚙286.]

In Equity. Suits by the Consolidated Rubber Tire Company and the Rubber Tire Wheel Company against the B. F. Goodrich Company and against the Republic Rubber Company. On exceptions to report of master. Overruled.

In Case No. 29176:

Charles W. Stapleton, of New York City, John W. Hill and Charles C. Linthicum, both of Chicago, Ill., and Staley & Bowman, of Springfield, Ohio, for plaintiffs.

Charles Neave, of New York City, and Rector, Hibben, Davis & Macauley, of Chicago, Ill., for defendant.

In Case No. 29177:

Charles W. Stapleton, of New York City, John W. Hill and Charles C. Linthicum, both of Chicago, Ill., and Staley & Bowman, of Springfield, Ohio, for plaintiffs.

Dyrenforth, Lee, Chritton & Wiles, of Chicago, Ill., for defendant.

SANBORN, District Judge. The widespread infringement following the Goodyear decisions of the Ohio Court of Appeals of May 6,

1902, compelled plaintiffs to lower royalties to five cents. Prior to this there was a fixed license fee of ten cents for licenses under the Grant tire patent and the design patent, the licenses also covering some other advantages. If this license fee had been upon the tire only, it would have established a "reasonable royalty," because the conditions made by the infringers did not bind the plaintiffs, and their lowering of the patent royalty to five cents did not bind them by fixing a reasonable royalty, because such action on their part was involuntary or compulsory.

[1] Neither of the defendants was a joint tort-feasor with their vendees (who put on the tire), because the acts of buyer and seller were independent of each other. I think the following rule, stated in Sedgwick on Damages (9th Ed.) § 36a, is the one which should be applied:

"Where two or more parties are concerned in the damage, and they each acted entirely independently of one another, they are not jointly liable, but each is liable for the damage he himself caused." 1 Sedg. Dam. (9th Ed.) § 36a.

Illustrations of the principle given by the author are injuries by flowage, where part of the damage was caused by one defendant's obstruction and part by another, and trespasses by dogs or cattle of different owners. The same subject is discussed in Sutherland on Damages (3d Ed.) § 141, citing the same and other decisions.

Applying this rule to these cases, I think that, though the rubber tire was found by the master to constitute 90 per centum of the cost of the three patent elements (tire, channel, and wire), yet as the patent was upon a vehicle wheel, and as the licenses gave the right to make this wheel, and also included the right to use tire-applying machinery, the design patent, the right to buy tires, channel, and wire from the licensor at cost, and particularly because it is manifest from the whole situation that plaintiffs would at any time have been glad to make a license to each of the defendants on a five cent royalty; the master's reports recommending five cents as a reasonable royalty should be approved.

The agreement of August 28, 1903, called the pooling agreement, should be entirely ignored upon the question of reasonable royalty, because its purpose was not to fix prices, but to secure a combination of rubber manufacturers.

[2] The master recommended five cents per pound for the rubber sold by each defendant exclusive of that sold abroad, but including that sold in territory covered by exclusive licenses made by the patent owners. In the Goodrich Case the number of pounds of rubber sold by defendant in the exclusive territory was 1,864,830. If this is to be deducted from the recovery recommended by the master, the sum would be $169,057.45, instead of $262,298.95. In the Republic Case no separation of the sales in territory covered by exclusive licenses was made. Some of the exclusive licenses are claimed to have been canceled early in the infringement period, but the proofs are not satisfactory on this point.

As I understand the rule governing the right of a licensee to sue in his own name for infringement, it is settled by the Waterman Foun-

tain Pen Case, 138 U. S. 252, 11 Sup. Ct. 334, 34 L. Ed. 923 (approved in Pope Mfg. Co. v. Gormully Mfg. Co., 144 U. S. 248, 251, 12 Sup. Ct. 641, 36 L. Ed. 423), that the assignee or licensee of part of the patent rights in certain territory, or even in the whole country cannot sue in his own name, because the patent is an entirety and cannot be divided up among different owners. The so-called exclusive licenses in this case included only the right to use and sell, and not to manufacture. In the Fountain Pen Case there was a license to manufacture and sell, without the express right to use, and it was held that the licensee could not sue in his own name, either at law or in equity.

As to the argument that defendants sold rubber tire for repairs to persons having a lawful right to make and sell the patented wheel, and that this could not be contributory infringement, it is sufficient to say that the proofs afford no basis for any exception to the master's report in this respect.

The reports of the master in each case should be approved, and all objections and exceptions thereto overruled.