**MIRROLIKE MFG. CO., Inc., Plaintiff Appellant, v. DEVOE & RAYNOLDS CO., Inc., Respondent Appellee.**

(Circuit Court of Appeals, Second Circuit. November 3, 1924.)

No. 51.

Appeal from the District Court of the United States for the Southern District of New York.

James L. Steuart and Frank S. Moore, both of New York City, for appellant.

William D. Gaillard and C. A. L. Massie, both of New York City, for appellee.

Before ROGERS and MANTON, Circuit Judges, and LEARNED HAND, District Judge.

PER CURIAM. Decree (3 F.[2d] 846) affirmed.

═══════

**DE FOREST RADIO TELEPHONE & TELEGRAPH CO. v. RADIO CORPORATION OF AMERICA.**

(District Court, D. Delaware. February 4, 1925.)

Patents ⊜⟶211(1) — License to corporation held not to extend to subsidiary companies.

A license to a corporation to manufacture under a patent held not to extend to subsidiary or stock-controlled companies.

In Equity. Suit by the De Forest Radio Telephone & Telegraph Company against the Radio Corporation of America. On motion for preliminary injunction. Granted.

Thomas G. Haight, of Jersey City, N. J., Samuel E. Darby, Jr., of New York City, and E. Ennalls Berl, of Wilmington, Del., for plaintiff.

Sheffield & Betts, of New York City, and William G. Mahaffy, of Wilmington, Del., for defendant.

MORRIS, District Judge. In this suit of De Forest Radio Telephone & Telegraph Company against Radio Corporation of America a motion for preliminary injunction has been heard upon bill, affidavits, and exhibits. Though it is probably a close question, I am inclined to think that under the agreement of March 16, 1917, and the principles of law stated in Littlefield v. Perry, 21 Wall. 205, 22 L. Ed. 577, Water-

man v. MacKenzie, 138 U. S. 252, 11 S. Ct. 334, 34 L. Ed. 923, and Crown Co. v. Nye Tool Works, 261 U. S. 24, 43 S. Ct. 254, 67 L. Ed. 516, the title to the patent in suit, No. 879,532, is in the plaintiff, and that it may maintain this suit alone.

It is conceded that the defendant has been and is engaged in selling vacuum tubes, embodying the invention of the patent manufactured by Westinghouse Electric & Manufacturing Company and by Westinghouse Lamp Company. The question of defendant's infringement or noninfringement depends upon whether or not those manufacturers were licensees under the patent. While the method employed in licensing the Westinghouse Electric & Manufacturing Company was unusual, I think the rights of that company under the patent sufficiently established by the evidence at least to prevent the issuance of a preliminary injunction based upon want of rights in that company.

With the exception of a few shares, all the capital stock of the Westinghouse Lamp Company is owned by the Westinghouse Electric & Manufacturing Company, but that fact is not in itself sufficient to cause the separate corporate entities to be here considered as merged. I find in the record no valid evidence whatever that the Westinghouse Lamp Company has been licensed. It is true that, in several affidavits filed on behalf of the defendant, officers of the companies interested in the several agreements say that it was their intention that the right to manufacture under the patent should be acquired by the controlled companies of the Westinghouse Electric & Manufacturing Company as well as by that company, and that they believed that such intention had been carried into effect by the several documents and agreements. But those documents and agreements are, in that regard, at least, clear and unambiguous. No rights were conferred by them upon Westinghouse Lamp Company as such, or upon Westinghouse controlled companies. There is no other evidence in the record sufficient, as I view it, to establish a license in the Lamp Company.

I think the plaintiff has sufficiently met the defense of laches.

I am of opinion that a preliminary injunction should issue, enjoining the sale by the defendant of tubes manufactured by the Lamp Company.