*394 OPINION.
HaRRON :
The question in this proceeding is whether royalty payments made to petitioner’s wife during the year 1932 by the Amrad Corporation, and its successors, pursuant to a license agreement, are taxable to the petitioner. Petitioner contends that he assigned to his wife property rights which produced the income here in question, whereas respondent contends that no property rights have been assigned so as to relieve the petitioner from taxation in this proceeding.
Examination of the assignments dated July 30, 1927, and June 5, 1930, shows that petitioner did not assign to his wife any property rights in the inventions themselves which are covered by the license agreement with the Amrad Corporation. The assignment of July 30, 1927, was only an executory agreement to assign inventions and did not convey any property rights at the time. “An agreement to assign inventions, patents for which have not yet been secured, may be enforced only where the assignment is sufficiently definite as to subject matter.” 48 C. J. 244, 245, ¶375. In 1927 the petitioner had not yet developed his ideas into tangible form and so was unable to convey to his wife property rights in praesenti in the inventions here in question. The assignment of June 5, 1930, attempts to confirm any prior assignments of patents and inventions to petitioner’s wife, but does not cure the .defects of the first effort, for there is still a failure to make the purported assignment sufficiently clear as to subject matter. Furthermore, the license agreement made by petitioner with the Amrad Corporation, on June 5, 1930, constitutes an assignment to the Amrad Corporation of all the inventions covered by the license agreement, for petitioner granted to the Amrad Corporation an exclusive, nontransferable license to manufacture, use and/or sell throughout the United States products embodying the improvements on a condenser covered by patents described in the license agreement. See Waterman v. Mackenzie, 138 U. S. 252, 255; 48 C. J. 240, 241, pars. 368, 369. Petitioner’s wife did not execute this license and we have found as a fact that she did not join in the license agreement. Petitioner testified that his wife gave her oral assent, but we can not see that this has any legal effect upon the issues involved.
There is another question which requires consideration. The assignment of June 5, 1930, transferred to petitioner’s wife all the benefit of the license agreement and any and all moneys to which petitioner was or should become entitled by reason of the license agreement. Did this assignment constitute conveyance to the petitioner’s wife of a property right which produced the income here in question? It is well settled that an assignment of income does *395 not relieve the assignor of the tax thereon, but if property rights are assigned the income subsequently arising therefrom is not taxable to the assignor. See William, Ernest Seatree, 25 B. T. A. 396; affd., in Helvering v. Seatree, 72 Fed. (2d) 67.
In the instant ease the testimony and evidence show that petitioner intended to give to his wife property rights in his inventions and patents for a limited period, although his purported assignment of the inventions themselves failed to meet the legal requirements of an assignment of inventions and patents. However, on June 5,1930, petitioner assigned to his wife all benefits in general of the license agreement with the Amrad Corporation. The right to receive royalty payments was the chief benefit of the agreement. The assignment of all money to be received made the meaning of “all benefits” more specific. The right to receive money under the license agreement was fixed and certain. Petitioner had completed all work on the inventions involved; the Amrad Corporation was under obligation to manufacture and sell products embracing the inventions and to pay royalties at stated rates. In our opinion petitioner did more than assign the future income to be received from the license agreement. He divested himself of the right to receive the income. The license agreement was productive of the income and the assignment of all benefits of the agreement for a stated consideration, under circumstances which show a consistent intent to assign the inventions covered by the agreement, leads to the conclusion that petitioner’s assignment constituted an assignment of the license agreement. It is therefore held that the royalty payments here in question should not be included in the gross income of petitioner for taxation. Cf. Hall v. Burnet, 54 Fed. (2d) 443; certiorari denied, 285 U. S. 552; Nelson v. Ferguson, 56 Fed. (2d) 121; certiorari denied, 286 U. S. 565; Thomas A. O’Donnell, 32 B. T. A. 1277.
Reviewed by the Board.

Decision will be entered for the petitioner.

Sternhagen, Morris, Murdock, Leech, Turner, and Hill dissent.