## JOHN TUMAN & SONS, Inc., v. LARRIMORE FROCKS, Inc., et al.

District Court, S. D. New York.
Dec. 12, 1939.

Charles Sonnenreich, of New York City, for plaintiff.

Leon Seinfeld, of New York City, for defendant Harry Basse.

GALSTON, District Judge.

This is a patent infringement suit in which the plaintiff alleges infringement of design letters patent no. 111,164, issued September 6, 1938 to John Tuman for a dress.

The specification recites that "The characteristic feature of my design resides in the specific sequin embroidery on the front of a specific dress as shown."

The answer denies infringement and alleges that the patent is void for anticipation and lack of invention. Defendant also alleges abandonment of the design.

The answer sets up no prior art, nor was there any attempt made at the trial to offer proof in respect to prior art which would negative novelty of the design. Nor was there any proof of abandonment of the patent, except such consequence as might result from its failure to record its assignment from the inventor.

As to the question of novelty and invention no prior art was offered. The design seems to be a most conventional conformation and it would seem reasonable to assume that any diligent examination of the state of the art would have revealed sufficient to overcome the faint showing of invention which must be granted to the patent in the present state of the record.

It may be stated that the defendant's dress meets the test in design patent infringement. It looks like the design of the patent and cannot escape because the petals of the configurations vary in number by employing one or two more or less than those shown in the design. Nor is infringement avoided by an inconspicuous variation of the center figure of each of these flowered portions.

In respect to title it appears that the application was filed by Tuman on July 21, 1938 and that he executed an assignment on July 22, 1938, transferring his rights to the invention and the patent to the plaintiff. The execution of the assignment was neither witnessed nor acknowledged, nor was it recorded. Tuman as a witness proved his signature and his son testified that it had been signed in his presence. The assignment itself embodied no request to the Commissioner of Patents to issue the patent to the assignee, and the question

presented is: Has the plaintiff the right to sue, since neither before the issuance of the patent nor subsequently thereto has the instrument been recorded:

The recording statute is Sec. 47 of Title 35, U.S.C., 35 U.S.C.A. § 47, and recites: "Every patent * * * shall be assignable in law by an instrument in writing * * *. An assignment * * * shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it is recorded in the Patent Office within three months from the date thereof * * *."

In Heywood-Wakefield Co. v. Small, 96 F.2d 496, 499, the Circuit Court of Appeals for the First Circuit said: "if no record of the assignment is made until after the patent issues, the title to the patent does not vest in the assignee until after the assignment is recorded. United States Stamping Co. v. Jewett, C.C., 7 F. 869, 877, 878."

And Judge Bingham added, quoting from Chief Justice Taft's opinion in Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U.S. 24, 43 S.Ct. 254, 67 L.Ed. 516:

"Patent property is the creature of statute law and its incidents are equally so and depend upon the construction to be given to the statutes creating it and them, in view of the policy of Congress in their enactment. This is shown by the opinion of this Court in Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923, already cited, and in the line of authorities followed therein. It is not safe, therefore, in dealing with a transfer of rights under the patent law to follow implicitly the rules governing a transfer of rights in a chose in action at common law. As Chief Justice Taney said in Gayler v. Wilder, 10 How. 477, 494 (13 L.Ed. 504):

" 'The monopoly did not exist at common law, and the rights, therefore, which may be exercised under it cannot be regulated by the rules of the common law. It is created by the act of Congress; and no rights can be acquired in it unless authorized by statute, and in the manner the statute prescribes.' "

Again, from a review also of Gayler v. Wilder, 10 How. 477, 13 L.Ed. 504, he observes that "the recording of the assignment in the Patent Office is made one of the essential requirements of the assignment to vest the title to the patent in the assignee."

It is easy to understand why this should be so for if the instrument remains unrecorded the person to whom the patent issues is in position to bring suit against the infringer. The infringer should not also be subject to subsequent action for the same infringement by the holder of an unrecorded assignment. Accordingly the complaint is dismissed.

Submit findings of fact and conclusions of law in conformity with the foregoing opinion.