78 F.3d 602
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Johnny R. COOPER, Plaintiff-Appellant,
v.
RESPOND, INC., Defendant,
and
Howard J. GERSON, Ed-Core Inc., and Certified Safety, Inc.,
Defendants-Appellees.
 No. 95-1243.
 United States Court of Appeals, Federal Circuit.
 Feb. 2, 1996.
 
 Before PLAGER, Circuit Judge, SMITH, Senior Circuit Judge and SCHALL, Circuit Judge.
 DECISION
 SMITH, Senior Circuit Judge.
 
 
 1
 Johnny R. Cooper brought this action for patent infringement of his invention used to aid mouth to mouth resuscitation. The trial court granted summary judgment in favor of Defendant finding that Mr. Cooper lacked standing to bring suit. We affirm.
 
 Standing
 
 2
 Standing is a jurisdictional issue over which this court exercises complete and independent review. Rite-Hite Corp. v. Kelley Co., Inc., 56 F.3d 1538, 1551, 35 USPQ2d 1065, 1074 (Fed.Cir.1995), cert. denied, 116 S.Ct. 184 (1995). The party invoking federal jurisdiction, Mr. Cooper, has the burden of establishing standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). In regard to patent assignments, "patents ... have the attributes of personal property [and are] assignable in law by an instrument in writing." 35 U.S.C. § 261 (1994). A complete assignment of the patent vests the assignee with title to the patent, and only the assignee or the assignee's exclusive licensee has standing to sue infringers. Waterman v. Mackenzie, 138 U.S. 252, 255-56 (1891). Generally, one seeking to bring an infringement action must have held legal title to the patent at the time of the infringement. Rite-Hite, 56 F.3d at 1551, 35 USPQ2d at 1074.
 
 
 3
 In the instant case, uncontroverted evidence establishes that Mr. Cooper made a complete assignment of the patent and, as a result, Mr. Cooper does not hold legal title to the patent. Defendant submitted a document entitled "Patent Application Assignment" that was dated and notarized on August 26, 1988, and states in pertinent part, "I [Johnny R. Cooper] hereby assign to [Tri Jon, Inc.] my entire right, title, and interest in and to said invention [APPARATUS FOR USE IN APPLYING MOUTH TO MOUTH RESUSCITATION], patent application, and any patent which may issue thereon." Additionally, the patent on its face identifies Tri Jon, Inc. as the patent assignee. In response, Mr. Cooper did not challenge evidence of this assignment, but merely submitted an August 7, 1987 agreement entitled "Purchasement of the Market and Manufacturing Rights" in which Mr. Cooper granted Tri Jon, Inc. "the exclusive marketing and manufacturing rights" of his invention for five years. However, this 1987 agreement does not refute evidence that the later 1988 agreement is a valid and complete assignment of the patent. Mr. Cooper has had ample opportunity to challenge this evidence and, having failed to do so, we affirm the trial court's granting summary judgment because Mr. Cooper failed to produce substantial evidence of his standing to bring this infringement action.
 
 
 4
 AFFIRMED.