## ORMSBY v. CONNORS et al.

(Circuit Court, D. Massachusetts. November 10, 1904.)

No. 1,459

1. PATENTS—ACTION FOR INFRINGEMENT—TITLE TO SUPPORT.

The owner of a patent made an absolute assignment of the same, which was duly recorded. At the same time the assignee executed a paper showing that the assignment was as collateral security for a debt, and agreeing that the assignor should retain the exclusive right to manufacture and sell under the patent, and to license others thereunder. This agreement was not recorded. Subsequently the debt was paid, and a reassignment made, which expressly covered the sole and exclusive right to all causes of action for past infringements. *Held*, that the original assignment and the paper executed at the same time constituted a single contract, under which the assignor retained the right to sue at law for infringement of the patent; the fact that the agreement was not recorded being immaterial as against this infringer.

At Law.

Norman F. Hesseltine and Amos W. Shepard, for complainant.

Bernard D. O'Connell, George H. Maxwell, and H. P. Harriman, for defendants.

PUTNAM, Circuit Judge. This is a suit at common law, alleging infringement of a patent issued for an invention. The question now before the court is whether the plaintiff has made sufficient title to justify his proceeding by a common-law suit. This rests upon three papers: First, there is an absolute assignment from the plaintiff to a stranger to this litigation, bearing date of June 2, 1902, which was duly and seasonably recorded. Another paper is an agreement given back to the plaintiff, dated May 29, 1902, showing that the assignment was taken merely as collateral security for an indebtedness. This paper was executed at the same time as the assignment, but was not recorded. It contained an agreement that the plaintiff should have the sole and exclusive right to manufacture and sell under the letters patent while held as collateral security, and that, while so held, no one was to make use of the patented invention except under a license given by him. Subsequently, on May 28, 1903, and before this suit was commenced, the plaintiff discharged his indebtedness, and a reassignment was made to him, which reassignment expressly covered the sole and exclusive right to all causes of action for past infringements, and for the damages and profits arising therefrom.

As the paper of May 29, 1902, was executed simultaneously with the assignment of June, 1902, notwithstanding the discrepancy in dates, the two make one contract, and constitute one transaction. On examination of the statute, we are satisfied that the fact that the paper of May 29, 1902, was not recorded is of no consequence in this case. This defendant does not come within the provisions of the statute affecting those who are intended to be protected thereby. On the other hand, it is clearly settled, in view of the statute provisions in regard to the assignment of patents, that any transfer of an interest which is to be regarded in a court of common law must be in writing. A mere verbal

transfer may be good in a court of equity; an agreement for transfer may be good in such a court; but in a suit at common law any transfer must be by writing, though it need not be recorded as against an alleged infringement. Therefore we have here two papers which are complete so far as the defendant is concerned. The result of these two papers is that Ormsby transferred the patent as collateral security, or as in the way of a mortgage; it makes no difference which, so far as we are concerned. The rights of parties are exactly the same in one aspect as the other. But the transfer was not in any sense a clean transfer, because Ormsby reserved the rents and profits, so to speak. The income thus reserved, if this had been ordinary personal property or real estate, would have given him possession for the time being; that is, a right to the rents and profits, the income, the use—the present use, whatever it might have been. We begin with Waterman v. Mackenzie, 138 U. S. 252, 11 Sup. Ct. 334, 34 L. Ed. 923, especially pages 258, 260, 261, 138 U. S., pages 336, 337, 11 Sup. Ct., 34 L. Ed. 923, which was a case of an assignment of a patent as security for a debt. On page 258, 138 U. S., page 336, 11 Sup. Ct., 34 L. Ed. 923, the opinion states that a mortgage of personal property differs from a sale, which is undoubtedly correct. It also says that by a mortgage the whole title is transferred to the mortgagee as security for debt. On page 260, 138 U. S., page 337, 11 Sup. Ct., 34 L. Ed. 923, it makes a further observation:

"And when the right of possession, as well as the general right of property, is in the mortgagee, the suit must be brought by the mortgagee, and not by the mortgagor, or any one claiming under a subsequent conveyance from him."

Yet usually, when a mortgage of personal property has been made, and injury is done the property, either the mortgagor or the mortgagee may sue in trover, trespass, replevin, or any other form necessary to recover the property or its value. If the possession is actually left with the mortgagor, he may sue for a mere trespass against the possession, as well as bring a suit for the corpus of the property; and, where the suit is for the corpus, the mortgagor may recover the entire value of the property unless the mortgagee intervenes. The law is the same as in the case of a common carrier or pledgee, or under any other condition where the possession of property is held by the equitable owner thereof. It is the undoubted rule of law, and it is so stated by Jones on Chattel Mortgages (4th Ed.) § 440.

On page 261 of Waterman v. Mackenzie, 138 U. S., 11 Sup. Ct. 337, 34 L. Ed. 923, there appears the following:

"The necessary conclusion appears to us to be that Shipman, being the present owner of the whole title in the patent under a mortgage duly executed and recorded, was the person, and the only person, entitled to maintain such a bill as this."

But emphasis must be laid upon the words "whole title," and these words must be understood with what we have referred to, appearing on page 260, where the opinion says that the right of suit is in the mortgagee alone when he, the mortgagee, has the right of possession as well as a general right of property. Connecting the two together, there is no difficulty in understanding what the opinion intends. In the case of a mortgage of a stock of goods, or cattle on a farm, the mort-

gagor generally remains in possession. Therefore the expression cited from page 260 would not then apply, because, in that case, the mortgagee does not have the whole title, but has the mere fee, and the mortgagor retains the profits. As the mortgagee does not then have possession of the mortgaged property, the mortgagor is not barred from bringing or maintaining a suit in reference thereto. Ordinarily, however, the assignment of a patent, or of any other thing which lies in paper, and of which there can be no physical possession, carries the "whole title," as stated in the opinion which we have in hand. It ordinarily leaves no possession, or possible possession, in the mortgagor, when, according to the understanding between the parties, the assignor is in fact a mortgagor. But here, in express terms, there is left to the mortgagor, and the mortgagor retains, the right to the income, the rents, and profits. Therefore this case is distinguished from the line of reasoning in Waterman v. Mackenzie, and is not controlled by the conclusion therein reached. Consequently it falls within the common rule as to rights of action in behalf of a mortgagor which we have explained.

We must add that the possible embarrassment which might arise from any intervention of the mortgagee, or assignee, or from any suit brought by the mortgagee, or assignee, is removed in this case, because, by the instrument of May, 1903, all rights of the mortgagee in that particular are waived. This is the only consideration we give to that paper for present purposes. It is as if the mortgagee had said: "You may recover in your suit all that anybody can recover; you may recover the rents, incomes, profits, damages, which you would be entitled to recover in the event I did not bring any suit in my own behalf, and I assure you that I will not intervene, nor bring any suit in my own behalf." That, of course, makes the defendant safe with reference to any judgment which may be obtained in the present suit.

We hold, therefore, that, so far as the question of title is concerned, this suit may be maintained.