## BASILE et al. v. CALIFORNIA PACKING CORPORATION.

Circuit Court of Appeals, Ninth Circuit. April 16, 1928.

No. 5196.

1. Contracts ⊂⟩164—Several instruments relating to same transaction and delivered simultaneously are construed together (Civ. Code Cal. § 1642).

Several instruments, relating to the same transaction and delivered at the same time, are to be read together in arriving at the real intent and agreement of the parties, under Civ. Code Cal. § 1642, and independently of existence of such statute.

2. Guaranty ⊂⟩36(3)—Guaranty of note did not extend to maker's agreement to deliver crop to apply on indebtedness.

Guaranty of payment of note representing loan on borrower's purchase of prune orchard did not cover crop sale contract, by which prunes were to be sold to creditor, who was to retain part of each year's crop to apply on indebtedness, as guarantors could not be charged beyond the scope of their written guaranty.

3. Evidence ⊂⟩416—If parties understood nominal maturity date of note was qualified by other instruments, guaranty of note would cover note as modified (Civ. Code Cal. § 1642).

If all parties understood that nominal maturity date of note was qualified by provisions of contract for sale and delivery of crop as security, obligation of guarantors on note would not be altered by construing guaranty to cover the note as so modified, in view of Civ. Code Cal. § 1642.

4. Evidence ⊂⟩450(10)—Ambiguity respecting maturity date of note, arising from other agreements, may be explained by evidence of surrounding circumstances.

Where ambiguity or uncertainty exists respecting actual maturity date of note, on construing together note and other instruments given simultaneously as part of single agreement, extrinsic evidence of surrounding circumstances could be admitted to show parties' intent.

5. Limitation of actions ⊂⟩13—Oral agreement extending due date of note, to conform with contract for delivery of crops in liquidation thereof, held to estop guarantors from asserting limitation in suit on note.

Where dispute as to due date of note, made payable one day after execution, was settled by mutual agreement, extending the date for four years in accordance with crop sales contract, under which creditor was to receive 60 per cent. of debtor's prune crop for four years to apply on the indebtedness, guarantors on note, at whose suggestion and for whose benefit the agreement was entered into, were estopped to assert limitation by virtue of creditor's failure to enforce guaranty before the expiration of the four-year period.

6. Guaranty ⊂⟩56—Postponement of date for fixing price of prunes delivered for liquidation of debt under collateral agreement held not to release guarantors on grower's note.

Agreement for postponement of date for determining price of prunes to be delivered creditor, partly for purpose of liquidating grower's debt represented by promissory note, held not to release guarantors on note, on theory that the agreements materially altered their contract, since guaranty extended only to note, and crop sales contract was purely a collateral agreement.

**7. Guaranty ☞56—Right of guarantors of note to credit for postponement of date for fixing price of crop delivered creditor under collateral security agreement was limited to loss suffered by maker.**

If guarantors on note did not consent to postponement of date for fixing price of prunes, which prune grower, as maker, was to deliver to creditor under collateral crop sales contract to liquidate debt, guarantors' rights extended no further than to have credited on their obligation amount of any loss suffered by makers of note as a result of deferring the price-fixing date.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Action by the California Packing Corporation against Joseph Basile, Jr., and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Gavin McNab, Nat Schmulowitz, and Ernest L. Brune, all of San Francisco, Cal., and Louis Oneal and William F. James, both of San Jose, Cal., for plaintiffs in error.

Pillsbury, Madison & Sutro, of San Francisco, Cal. (Frank D. Madison, Marshall P. Madison, and M. D. L. Fuller, all of San Francisco, Cal., of counsel), for defendant in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. Suing upon a written guaranty, the defendant in error (hereinafter called plaintiff) recovered judgment for $7,000, besides interest, from which the defendants bring error.

In the early part of 1920 the defendant Cavala, who as a realtor was endeavoring to sell to three persons named Castello a prune ranch in California, applied to the plaintiff for a loan to the Castellos to enable them to make the purchase. Upon conditions named, plaintiff agreed to advance $13,500 for the purpose and the Castellos bought the ranch. Pursuant to the understanding under which the loan was made, plaintiff and the Castellos entered into an agreement by which the latter were to sell, and the former was to buy, the prunes grown upon the ranch during the years from 1920 to 1924, inclusive, the price for each year's crop to be mutually agreed upon prior to September 1st of each year, and in case of a failure so to agree the price which the buyer was paying generally in the locality on September 1st should prevail. Payment was to be made upon delivery of the prunes, which was not to be later than No-

vember 1st. The instrument further recited that the buyer had advanced to the sellers $13,500, and the sellers agreed that 60 per cent. of each year's crop proceeds should be applied to the liquidation· thereof. The instrument bears date February 28th. On the same date, but with certificate of acknowledgment and oath on March 4th, the Castellos executed to plaintiff a chattel mortgage, reciting a consideration of $13,500 and covering the prune crops for the years mentioned, to secure performance by them of their obligations under their contract of sale. Of date March 2d, they executed to it a promissory note in common form, for $13,500, due one day after date, and bearing interest at the rate of 6½ per cent. per annum. And of date March 4th the defendants executed the guaranty in question, which is as follows:

"For value received, waiving notice of maturity and of dishonor, I hereby guarantee the payment of that certain promissory note for $13,500, dated March 2, 1920, payable one day after date, and executed to the California Packing Corporation, by Ignazio Castello, Rosie Castello, and John Castello.

"Dated March 4, 1920.

"[Signed]                    Joseph Basile, Jr.
                             "Paul L. Cavala."

[1] It is inferable that the four instruments all relate to the same transaction, and were delivered simultaneously. The California statute of limitations being four years, and this suit not having been commenced until 1926, defendants' first contention is that action upon the guaranty was barred four years after the maturity date specified in the promissory note. And manifestly this is true, if such date is taken as the date of its actual maturity. But not only under, but apart from, a California statute (section 1642, Civil Code), several instruments relating to the same transaction and delivered at the same time are to be read together in arriving at the real intent and agreement of the parties thereto. Dyer v. International Banking Corporation (C. C. A.) 262 F. 292.

[2-4] We are not to be understood as deciding that, under this principle, the defendants can be charged with any obligation beyond the scope of their written guaranty; they guaranteed only the note, and not the crop sale contract. Chinn v. ·Penn, 179 Cal. 153, 175 P. 687. But, if all parties understood that the nominal maturity date of the note was qualified by the provisions of the other instruments, it would not add to or alter defendants' obligation to hold that their guaranty covered the note as so modified. If the several instruments are taken as parts of a

single agreement, there exists an ambiguity or uncertainty respecting the actual maturity of the note obligation, and extrinsic evidence of the surrounding circumstances could properly be received for the purpose of throwing light upon the true intent and understanding of the parties.

[5] In view of another aspect of the case, we are relieved from the necessity of deciding whether, as to the defendants, the due date named in the note was in fact and in law so altered. Following a demand made by plaintiff upon defendants in 1923 that they pay the sum then remaining due upon the note, a conference was held at their request, at which, through their attorney, they urged that the understanding of all parties was that their obligation was not to mature until November 1, 1924; that is, until the last prune crop covered by the sales contract was delivered and 60 per cent. of the proceeds thereof applied to the Castello debt. Such, they contended, was a just construction of the several written instruments hereinbefore referred to, when considered in the light of the circumstances under which they were executed and delivered. After considerable discussion, plaintiff, upon the advice of its counsel, acquiesced in that view, and thereafter it refrained from making any demand upon or taking any steps against defendants, prior to November 1, 1924. Respecting these facts there is no controversy.

We need not be drawn into a discussion of when, if at all, one may be estopped by the expression of an opinion or the assertion of a right involving a pure question of law. See Bigelow on Estoppel (2d Ed.) pp. 408, 635. The parties here were concerned with the meaning of a contract. The subject necessarily involved a consideration, not only of the written instruments, but of the facts and circumstances attending their execution. They settled a dispute by mutually agreeing that the due date should be November 1, 1924. Both parties thereafter acted upon that agreement, and plaintiff fully executed its part thereof by refraining from taking any steps to enforce the contract of guaranty.

We are of the opinion that, had there been no dispute, defendants would not be in a position to question the validity of such an oral agreement, entered into at their suggestion and for their benefit, after its complete performance by the plaintiff. A fortiori are they estopped under the conceded facts here exhibited. Page on Contracts (2d Ed.) § 1412; Elliott on Contracts, § 1988; Smiley v. Barker (C. C. A.) 83 F. 684; Canal Co. v. Ray, 101 U. S. 522, 527, 25 L. Ed. 792.

[6, 7] The other defense relied upon by defendants is that because, in the fall of 1920, owing to the abnormally unfavorable condition of the prune market, plaintiff and the Castellos agreed upon a postponement of the price date as fixed in the sale contract, first from September 1st to October 1st, and thereafter to December 1st, they were released, upon the theory that these agreements materially altered their contract. In this view we cannot concur. As already pointed out, defendants' guaranty extended only to the note, and, except in so far as the sales contract operated to modify the due date of the note, it had no connection with the guaranty, and was purely a collateral agreement. The alterations relied upon in no wise affected the maturity date of the note, and the provision in the sales contract for the application of 60 per cent. of the crop proceeds was in the nature of collateral security. The theory adopted by the lower court was that if defendants did not consent to what was done—a disputed question—their right, and the full extent of their right, was to have credited upon their obligation the amount, if any, of the loss suffered by the Castellos as a result of deferring the price-fixing date. We are of the opinion they could not justly ask more. In re Roth (D. C.) 272 F. 516; Hatch v. First State Bank (Tex. Civ. App.) 270 S. W. 1093; Womack v. Paxton's Ex'rs, 84 Va. 9, 5 S. E. 550; Southern Pac. Co. v. Globe Indemnity Co. (C. C. A.) 21 F.(2d) 288; Taylor v. Continental Supply Co. (C. C. A.) 16 F.(2d) 578, 585; Mechanics & Metals Nat. Bank v. Pingree, 40 Idaho, 118, 232 P. 5, 10; Nowell v. Equitable Trust Co., 249 Mass. 585, 144 N. E. 749, 751; Central State Bank v. Ford, 181 Iowa, 319, 164 N. W. 754.

Affirmed.