SIROCCO ENGINEERING CO. et al. v. MONARCH VENTILATOR CO.

(Circuit Court, S. D. New York.   September 29, 1910.)

1. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—ALLEGATIONS OF TITLE.

A bill for infringement of a patent, alleging title in complainant, based on an instrument of transfer of several patents and containing reservations, if it does not appear that such reservations apply to the patent in suit, is not demurrable for want of title in complainant.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 310.*]

2. PATENTS (§ 196*)—INSTRUMENT OF TRANSFER—LICENSE OR ASSIGNMENT.

An instrument granting the sole and exclusive license to manufacture, sell, and use a patented article, but reserving to the grantor the exclusive right to manufacture, sell, and use certain specific apparatus only for certain purposes, although called a license, was in legal effect an assignment, with reservation of a license to the grantor.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 196.*]

In Equity.   Suit by the Sirocco Engineering Company and the American Blower Company against the Monarch Ventilator Company for infringement of patents Nos. 12,796, 12,797, and 12,798.   On demurrer to bill.   Overruled.

The bill alleged the grant of the original patent, and that thereafter the patentee granted to complainant Sirocco Engineering Company "the sole and exclusive license to manufacture, sell, and use" the patented invention, "except for certain reservations." Profert was made of the license agreement, from which it appeared that other patents were included in the license, and that the exclusive license granted contained the following reservations: "Provided, however, that the license hereby granted does not include apparatus for generating power (such, for example, as elastic fluid turbines or electric generators), it being understood that, if said inventions are applicable to such use, said patentee reserves to himself, his heirs and assigns, the sole and exclusive right to manufacture, use, and sell the same as part of such power generating apparatus only; and provided that this license shall not include the manufacture, sale, and use of tea machinery (being apparatus designated especially for, and used exclusively for, the preparation of tea), it being understood that said patentee reserves to himself, his heirs and assigns, the sole and exclusive right to manufacture said patented fans and other appliances in so far only as the same are built in as an integral part of such tea machinery."

The reissued patents were granted to the Sirocco Engineering Company as assignee of Davidson. Defendant demurred upon the grounds that the above instrument was a mere license, and not an assignment, and that hence the Sirocco Engineering Company did not have title prior to the granting of the reissued patents, and that said patents were improperly granted to said company as assignee, and are therefore void.

Fraser, Turk & Myers, for complainant.
Knight Bros., for defendant.

HOLT, District Judge (after stating the facts as above).   It seems to me at least doubtful whether the point argued is raised by the de-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

murrer. It does not appear on the face of the bill that the reservations in the instrument of transfer dated November 21, 1907, were reservations of rights covered by the reissued patent. If not, the instrument, so far as the reissued patent was concerned, was undoubtedly an assignment. But, assuming the reservations to have been covered by the reissued patent, I think that the instrument, although called a license, was in legal effect an assignment. It was a grant of the patent, with the reservation of a license to the grantor. Littlefield v. Perry, 88 U. S. 205, 22 L. Ed. 577; Frankfort v. Pepper (C. C.) 26 Fed. 336; Pope v. Clark (C. C.) 46 Fed. 792.

This conclusion makes it unnecessary to pass upon the other points argued. The demurrer is overruled, with leave to answer on payment of costs within 20 days.