### AMERICAN TYPE FOUNDERS, Inc., v. DEXTER FOLDER CO. et al.

District Court, S. D. New York.

Nov. 15, 1943.

Gifford, Scull & Burgess, of New York City (Newton A. Burgess, of New York City, and Robert C. Watson, of Washington, D. C., of counsel), for plaintiff.

William Bohleber, of New York City (Ira Milton Jones, of Milwaukee, Wis., of counsel), for defendant.

GODDARD, District Judge.

This motion for leave to file an amended complaint under Rule 15, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and to add a party defendant under Rule 21 was originally granted by me on the ground that the Backhouse-Harris-Dexter agreement of April 6, 1937 was not included in the record submitted to the court on this motion and that the allegations in the proposed amended complaint were sufficient for granting the motion. The parties have now requested the court to consider that agreement as part of the record and to pass upon the questions—

1. Did Backhouse divest himself of title to the Backhouse patent 2,108,702 by the agreement of April 6, 1937, with the result that he is not an indispensable party?

2. Is Harris-Seybold-Potter Company (hereinafter referred to as Harris) a necessary party?

If Backhouse is an indispensable party, it would be useless to allow the plaintiff to amend and bring in Harris-Seybold-Potter Company as a defendant. Plaintiff con-

tends that Dexter Folder Company (hereinafter referred to as Dexter) and Harris are the owners of the patent in question and that Backhouse is a mere non-exclusive licensee and is not an indispensable party.

Defendants take the position that Backhouse is the owner of the patent; that Dexter and Harris are only bare licensees so that Backhouse is an indispensable party.

Plaintiff contends that the agreement of April 6, 1937, while purporting to transfer certain license rights to Harris and Dexter from the patentee Backhouse, was in fact an assignment of the entire right, title and interest in and to the Backhouse patent from Backhouse to Dexter and Harris as co-owners, and that it is necessary to amend the complaint to include Harris as a party so that all parties might be before the court.

The agreement of April 6, 1937 granted to Harris as an exclusive license throughout the United States to make, use and vend the inventions, said license to be restricted to feeders for Harris presses, and granted to Dexter the exclusive license to make, use and vend the same inventions in connection with feeders for all other printing presses. The same paragraph 3 of the agreement continued on as follows: "Such licenses shall be exclusive as against all persons, including Backhouse [except as specified in paragraph 8 hereof], and shall include the right to sub-license, and shall continue during the whole term [including any extensions, reissues or renewals] of the last to expire of the letters patent which may issue on the applications listed on Schedule B."

Paragraph 5 of the agreement provides that Backhouse was to receive royalties for feeders sold by Harris and Dexter.

In Paragraph 8, it provided: "8. During the period when full or half royalty rates, as defined in paragraph 5 hereof, are payable, Harris and Dexter severally agree that neither they nor their respective sublicensees will sell in Great Britain or the British Dominions feeders embodying the methods or devices licensed by this agreement, or royalty feeders, except feeders built in the United States and sold for application to American built presses. During such period Backhouse and H. T. B. Limited severally agree that neither they nor their licensees [under any other agreement than this] will sell in the United States or its possessions feeders embodying the methods or devices assigned or licensed by this agreement, or royalty feeders, except feeders built in Great Britain and sold for application to British built presses. Backhouse and H. T. B. Limited severally agree to report immediately in writing to Harris and Dexter all feeders built in Great Britain by Backhouse or H. T. B. Limited or their respective licensees within their knowledge exported to the United States or its possessions in connection with or for application to British built presses, and to pay Harris and Dexter in equal shares immediately the same dollar royalty with respect thereto as would have been payable to Backhouse by Dexter hereunder if such feeders had been manufactured and sold by Dexter in the United States. This paragraph 8 shall not become effective until ninety (90) days from the date hereof."

If only licenses were granted then Backhouse would be an indispensable party, but if an assignment took place and a license given back to Backhouse, then Backhouse is not an indispensable party and the assignees may be sued in their own names.

In Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 335, 34 L.Ed. 923, the court stated: "Every patent issued under the laws of the United States for an invention or discovery contains 'a grant to the patentee, his heirs and assigns, for the term of seventeen years, of the exclusive right to make, use and vend the invention or discovery throughout the United States and the territories thereof.' Rev.St. § 4884 [35 U.S.C.A. § 40]. The monopoly thus granted is one entire thing, and cannot be divided into parts, except as authorized by those laws. The patentee or his assigns may, by instrument in writing, assign, grant, and convey, either (1) the whole patent, comprising the exclusive right to make, use, and vend the invention throughout the United States; or (2) an undivided part or share of that exclusive right; or (3) the exclusive right under the patent within and throughout a specified part of the United States. Rev.St. § 4898 [35 U.S.C.A. § 47]. A transfer of either of these three kinds of interests is an assignment, properly speaking, and vests in the assignee a title in so much of the patent itself, with a right to sue infringers. In the second case, jointly with the assignor. In the first and third cases, in the name of the assignee alone. Any assignment or transfer, short of one of these, is a mere license, giving the li-

censee no title in the patent, and no right to sue at law in his own name for an infringement."

The patent in question relates only to feeders for printing presses and the patentee has granted to Dexter and Harris between them the exclusive right to make, use and vend feeders for printing presses throughout the United States (except for the reservation set forth in paragraph 8). So that it appears, unless the reservation of a royalty of Backhouse's license to sell British built feeders for British built presses with a royalty to Dexter and Harris alters the situation, that the agreement is an assignment of the entire patent to Dexter and Harris which includes the right to sue in their own names without joining Backhouse as a plaintiff, and it would follow that if they may sue in their own names, they may be sued in the same manner since Backhouse has parted with title to the patent and is not an indispensable party.

■ The reservation of a royalty does not prevent the agreement from being an assignment. Rude v. Westcott, 130 U.S. 152, 9 S.Ct. 463, 32 L.Ed. 888; see also Green v. Le Clair, 7 Cir., 24 F.2d 74.

The fact that Backhouse received a license to sell British feeders for British built machines, does not defeat an assignment.

In paragraph 3 of the agreement, title is conveyed to Harris and Dexter as of April 6, 1937. In paragraph 8 of the agreement it stated that Backhouse's right to sell in the United States "feeders built in Great Britain and sold for application to British built presses * * * shall not be effective until ninety (90) days from the date hereof" (April 6, 1937). During this period it seems clear that Dexter and Harris had full title. Ninety days later the license to Backhouse became effective. The relationship thus resulted in Backhouse becoming a non-exclusive licensee of the patent owned by Dexter and Harris.

■ Although the agreement is referred to as an "exclusive license," this is not conclusive as to its legal effect. Sirocco Engineering Co. v. Monarch Ventilator Co., C.C., 184 F. 84.

■ I think that the agreement is in legal effect an assignment—a grant of the patent, with the reservation of a license to the grantor, this license to become effective ninety days thereafter. Accordingly my conclusion is that Backhouse is not an in-

dispensable party and Harris is a proper party.

Motion for leave to file an amended complaint and to add a party defendant is granted.

Settle order on notice.