ACME HIGHWAY PRODUCTS
CORPORATION, Plaintiff,

v.

Friedrick Sohne MAURER, Defendant.

Civ. A. No. 81–1835.

United States District Court,
District of Columbia.

Oct. 22, 1981.

Paula A. Calimafde, Paley, Rothman, Cooper & Eig, Chevy Chase, Md., for plaintiff.

Lawrence A. Hymo, Cushman, Darby & Cushman, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

This is an action by plaintiff, Acme Highway Products Corporation (Acme) against defendant, Friedrick Sohne Maurer (Maurer), a German corporation, for a declaratory judgment that United States Patent No. 3,604,322, relating to expansion joints used in bridges, streets, and the like, is invalid and not infringed by any expansion joint manufactured or sold by plaintiff. In asserting that this Court has jurisdiction over this case under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, Acme alleges that an actual controversy exists between it and Maurer as to the validity and scope of said patent in that Acme has been sued in the United States District Court for the Western District of New York for infringement of said patent by Maurer's licensee, Watson-Bowman Associates, Inc. (Watson-Bowman). Watson-Bowman is not a party to the action before this Court. Indeed, as Watson-Bowman has no contact with this

district, it could not be joined in this action. Maurer, on the other hand, is a non-resident alien without an agent in the United States for service of process, and therefore is subject to jurisdiction *only* in this district. 35 U.S.C. § 293. In lieu of an answer, Maurer has moved to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that the complaint fails to allege facts establishing a justiciable controversy between the parties, that no such controversy exists in fact, and that the complaint fails to join an indispensable party, i. e. Watson-Bowman. For the reasons set forth herein, the Court finds that the complaint fails to allege facts showing that a justiciable controversy exists between Acme and Maurer and, as such, dismisses this case.

■ To sustain jurisdiction under the Declaratory Judgment Act, there must be an "actual controversy in the constitutional sense." *Dr. Beck & Co. v. General Electric Co.*, 317 F.2d 538, 539 (2d Cir. 1963). The "case or controversy" requirement is met in patent cases when a "claim or charge of infringement has been made, directly or indirectly" by the person entitled to enforce the patent. *Id.* While Maurer, being the owner of the patent, is entitled to enforce the patent (*See, id.*), it has not charged Acme with infringement. As Acme states in its complaint, it is Maurer's licensee, Watson-Bowman, who made the charge of infringement. Complaint, ¶ 8. Therefore, an actual controversy exists between Acme and Maurer only if Watson-Bowman's charge was directly or indirectly a charge of Maurer.

■ It is clear that the grant of an exclusive license to a patent operates as an assignment of the patent to the licensee and entitles the licensee to maintain an action for patent infringement in its own name. *Waterman v. Mackenzie*, 138 U.S. 252, 256, 11 S.Ct. 334, 335, 34 L.Ed. 923 (1891). As such, an exclusive licensee of a patent can maintain its action against an infringer without the advice, request, or participation of the licensor. In such a case, only the exclusive licensee has made a charge of infringement, the licensor making no charge, direct, or indirect. Consequently, there would be no controversy between the alleged infringer and the licensor, and therefore no basis for an action for declaratory relief by the former against the latter.

■ Equally clear is that, in an action by an exclusive licensee against an alleged infringer, mutuality requires that the alleged infringer be able to counterclaim against the exclusive licensee to invalidate the patent as well as assert its defense of non-infringement. As another court noted, "[w]here an exclusive licensee has an independent right to sue for infringement, it has been held that to prevent a lack of mutualty [*sic*] a licensee may be sued individually by the alleged infringer for a declaration of patent invalidity or non-infringement." *Owatonna Manufacturing Co. v. Melroe Co.*, 301 F.Supp. 1296, 1306 (D.Minn.1969). Therefore, where the exclusive licensee charging infringement does so by filing suit, the alleged infringer must, under *Owatonna*, have the right to counterclaim for infringement no less than it would have the right to seek declaratory relief in a case where the charge of infringement had not reached the point of the filing of a complaint.

■ Moreover, it is clear that in an infringement action by an exclusive licensee or a suit for a declaration of invalidity or a counterclaim to establish invalidity by an alleged infringer against an exclusive licensee, the licensor is not an indispensable party under Rule 19 of the Federal Rules of Civil Procedure, which concerns joinder of persons needed for just adjudication. The question of whether a patent owner is an indispensable party in actions involving its exclusive licensee has arisen on several occasions. The courts have held that "[w]hen a patent owner retains no rights in the patents exclusively licensed, it is not an indispensable party in an action to determine the validity of the patents." *Chamfer Engineering, Inc. v. Tapco International, Inc.*, 82 F.R.D. 33, 36 (D.Minn.1979).

This issue was discussed in *Owatonna, supra*, a case that is of particular relevance to the instant matter. *Owatonna* involved a suit for a declaration of invalidity or non-infringement of a patent against a co-owner and exclusive licensee of a patent who, consequently, had an independent right to enforce the patent. The defendants moved to dismiss for failure to join an indispensable party, namely, the other co-owner of the patent. The other co-owner was not made a party because, as he resided in North Dakota, he was beyond the jurisdiction and service of process of the United States District Court for the District of Minnesota, where the action was brought. The court denied the motion, on the ground that since defendants, as exclusive licensees of the patent with an independent right to sue for infringement, could have sued to enforce the patent in the District of Minnesota without the co-owner, mutuality required that the plaintiff has a right to sue for declaratory relief without joining the North Dakota co-owner. Otherwise, the plaintiff might be forumless: if he could not sue in Minnesota because co-owner was an indispensable party, he might fare no better in North Dakota where the co-owner, by the same reasoning, could move to dismiss on the ground that the Minnesota co-owners were indispensable parties. 301 F.Supp., at 1306. The court also noted that "Neither party has argued that this court could not render an adequate judgment even in the event that Louis Keller [the North Dakota co-owner] does not become a party." *Id.*

Both Watson-Bowman in its complaint in the Western District of New York and Maurer in its memorandum of points and authorities supporting the instant motion aver that Watson-Bowman is an exclusive licensee of Maurer with right to maintain an action for patent infringement. By way of attempting to show that there is an actual controversy, Acme alleges that it has been sued by a person (i. e., Watson-Bowman) alleging to be Maurer's exclusive licensee of the patent in the United States. As an exclusive licensee has an independent right to enforce and defend a patent, it is difficult indeed to see where Maurer fits into the picture. By the reasoning of the *Owatonna* court, if Watson-Bowman is an exclusive licensee, as it asserted in the Western District of New York action, then Acme can counterclaim in that action for all the relief it seeks here against Maurer by way of declaratory judgment. Should Watson-Bowman fail to prove its case of infringement against Acme, Acme would be protected against an identical suit for infringement by Maurer by the res judicata effect of the decision in the Western District of New York and the fact that Maurer, by having averred that Watson-Bowman is its exclusive licensee, is estopped to deny Watson-Bowman's right to enforce the patent. Likewise, should Acme prevail in a counterclaim against Watson-Bowman to invalidate the patent, that judgment would be binding on Maurer as well, by res judicata and by the fact that Maurer would be estopped to deny that Watson-Bowman, as its exclusive licensee, was a proper party to defend the patent. Certainly, the fact that Watson-Bowman initiated the litigation over the patent in question demonstrates a desire on its part to litigate the matter fully toward protecting the valuable rights its license confers upon it. As such, it is abundantly clear that there is no controversy between Acme and Maurer and that Acme's rights are by no means prejudiced by the dismissal of this action.

Therefore, by the foregoing, it is by the Court this 22nd day of October, 1981,

ORDERED, that defendants' motion to dismiss be, and hereby is, granted; and it is

FURTHER ORDERED that this action be, and hereby is, dismissed.