**ACME HIGHWAY PRODUCTS CORPORATION, Plaintiff,**

v.

**Frederick Sohne MAURER, Defendant.**

**Civ. A. No. 81–1835.**

United States District Court, District of Columbia.

Feb. 1, 1982.

Paula A. Calimafde, Paley, Rothman, Cooper & Eig, Chevy Chase, Md., for plaintiff.

578

Lawrence A. Hymo, Cushman, Darby & Coleman, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

Before the Court is plaintiff's motion for reconsideration of the Court's order granting defendant's motion to dismiss the complaint, entered October 22, 1981 and published at 524 F.Supp. 1130. For the following reasons, plaintiff's motion shall be denied.

▆▆▆ Plaintiff, Acme, brought its action to obtain a declaratory judgment that a certain patent owned by defendant, Maurer, is invalid and not infringed by plaintiff. For an action for declaratory judgment to lie, there must be "a case of actual controversy." 28 U.S.C. § 2201. In patent cases, a case or controversy exists only if there has been a charge of infringement by the defendant. *Dr. Beck & Co. G.M.B.H. v. General Electric Co.*, 317 F.2d 538, 539 (2d Cir. 1963). The alleged charge of infringement was a complaint filed against Acme in the Western District of New York, not by Maurer but by Watson-Bowman Associates, Inc. In that case, *Watson-Bowman Associates, Inc. v. Acme Highway Products Corp.*, No. Civ.–81–582 (W.D.N.Y.), Watson-Bowman alleged that it was the "exclusive licensee of the right to make, use and sell in the United States the expansion joints claimed by [the patent that is also at issue here]," and that "Acme has made and sold expansion joints in the United States, in violation of plaintiff's aforesaid exclusive rights." The relief sought by Watson-Bowman included a declaration that Acme had infringed the patent. In the instant case, Acme argues that since Watson-Bowman, as it alleged in its complaint in the Western District of New York, obtained its exclusive license from Maurer, Watson-Bowman's suit for infringement is, in fact, a charge by *Maurer* that Acme has infringed the patent.

Acme's argument can be stated as follows. Watson-Bowman may not maintain an action for infringement of the patent unless its license operates as an assignment and therefore confers upon it the right to maintain an action for infringement in its own name. *Waterman v. MacKenzie*, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923 (1891). Watson-Bowman's license does not in fact operate as an assignment; therefore Watson-Bowman does not have the right to sue for infringement in its own name, and the right remains vested in Maurer. Since Watson-Bowman does not have the right to sue on the patent in its own name, by filing suit *it* has not made the charge of infringement: *Maurer* has.

This argument relies upon a logical leap; it proves too much. As Maurer correctly notes, the issue before the Court is not whether Watson-Bowman had the right to sue for infringement, but whether the filing of the action by Watson-Bowman, or the allegations of the complaint therein, imply that Maurer has made a threat of infringement against Acme.

▆▆▆ A conveyance of "the exclusive right to make, use and vend the invention throughout the United States . . . is an assignment, properly speaking, and vests in the assignee a title in so much of the patent itself, with a right to sue infringers. . . . " *Waterman v. MacKenzie*, 138 U.S. at 255, 11 S.Ct. at 335. As noted above, in its complaint in the Western District of New York, Watson-Bowman indeed alleged that it had that very right. Watson-Bowman made no suggestion that it was acting on anyone's behalf but its own. As such, by no stretch of the imagination does the complaint in the Western District of New York constitute or contain a threat by Maurer against Acme. Since nothing in the facts as alleged in the instant case suggests that Maurer has charged Acme with patent infringement, there is no "case or controversy" here. As Acme stated no claim upon which relief could be granted, this action was properly dismissed in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Watson-Bowman has charged Acme with patent infringement by suit in the United States District Court for the Western District of New York. Acme can challenge

both Watson-Bowman's right to bring suit and the allegation of infringement in that action. For the reasons offered above, it is, by the Court, this 1st day of February, 1982,

ORDERED, that plaintiff's motion for reconsideration of the Court's Order of October 22, 1981 dismissing the complaint in this action be and hereby is denied.