NYNEX CORPORATION, Nynex Materiel Enterprises Company and Nynex Information Resources Company, Plaintiffs,

v.

The REUBEN H. DONNELLEY CORPORATION, Wallace Edwards, Mark I Marketing Corporation and Mark I Marketing Corporation of America, Defendants.

No. 86 CIV. 6392 (PKL).

United States District Court, S.D. New York.

July 15, 1988.

---

Fish & Neave, New York City, Thomas L. Secrest, Albert E. Fey, Kelly L. Morron, of counsel, for plaintiffs.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Douglas G. Morris, of counsel, for defendants.

## MEMORANDUM DECISION & ORDER

LEISURE, District Judge:

This is an action for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that United States Patent 4,554,241 for Color Reproduction Process (the "patent") is invalid and unenforceable and is not infringed by plaintiffs. Plaintiffs (collectively referred to as "NYNEX") engage in, among other things, production of classified telephone directories. Defendant

Wallace Edwards is named as patentee on the patent. Mark I Marketing Corporation ("Mark I") was allegedly assigned the patent, and in turn conveyed the rights to Mark I Marketing Corporation of America ("Mark I of America"), which in turn licensed the defendant The Reuben H. Donnelley Corporation ("Donnelley") to promote and market the process of the patent in the field of telephone directories.

On June 16, 1986, counsel for Mark I of America wrote to NYNEX and claimed that it owned the rights to the patent and accused NYNEX of infringing the patent. Plaintiffs, claiming a reasonable fear that patent litigation would be brought against them, commenced the instant action seeking a declaratory judgment.

Now before the Court is a motion to dismiss the complaint as to defendant Donnelley pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. As the moving party, Donnelley bears the burden of showing that there is no set of facts under which plaintiffs could be entitled to relief on the allegations of their complaint. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). *See also Meyer v. Oppenheimer Management Corp.*, 764 F.2d 76, 80 (2d Cir.1985); *Stinnes Interoil, Inc. v. Apex Oil Co.*, 604 F.Supp. 978 (S.D.N.Y.1985). Plaintiffs have alleged in this declaratory judgment action that there is an actual controversy between them and the defendants, regarding the validity, enforceability and alleged infringement of the Edwards patent in suit. Amended Complaint ¶ 17. For the purposes of a Rule 12(b)(6) motion, the factual allegations of the Complaint must be accepted as true.

Declaratory relief is designed to serve the unique function in patent disputes of protecting competitors against injury from threatened infringement actions that have not yet been pursued. Thus, a person charged with patent infringement is permitted to forestall the accrual of potential damages by suing for a declaratory judgment of noninfringement or patent invalidity. Such an action, brought pursuant to

the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, must, however, be based upon an "actual controversy" between the parties. 28 U.S.C. § 2201. At the time the lawsuit is filed, there must be a "substantial controversy, between parties having adverse interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment," *Maryland Casualty Company v. Pacific Coal and Oil Company*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941), and the "controversy must be definite and concrete, touching the legal rights of [the] parties." *Aetna Life Insurance Company v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937).

In the context of a patent invalidity declaratory judgment action, the courts have held that the action must be based on the plaintiff's well-grounded fear that should the disputed activity commence or continue, an infringement suit will be instituted. The "actual controversy" requirement is satisfied when a "defendant['s] . . . conduct [has] created on the part of the declaratory plaintiff a reasonable apprehension that it will face an infringement suit if it commences or continues the activity in question" and when the plaintiff has "actually produced the accused device [or process]" or has prepared to do so. *Jervis B. Webb Company v. Southern Systems, Inc.*, 742 F.2d 1388, 1398–99 (Fed.Cir.1984). There must be some concrete indication that the defendant has threatened the plaintiff with an infringement suit and that the defendant will act affirmatively on this threat. *See Japan Gas Lighter Ass'n v. Ronson Corp.*, 257 F.Supp. 219 (D.N.J.1966).

■ Applying this standard, no "actual controversy" exists between Donnelley and NYNEX that would serve as a basis for this action against Donnelley. Donnelley has not threatened NYNEX, directly or indirectly, with infringement litigation, nor has it otherwise demonstrated that it would enforce any patent claims against NYNEX. The jurisdictional bases for this action are solely Mark I's threats of patent infringement. NYNEX specifically alleges in the Amended Complaint that the "reasonable fear and apprehension" occurred as a result of letters received from Mark I of America, not from Donnelley. Furthermore, there is no indication that Mark I ever represented to NYNEX that it was acting on behalf of Donnelley, and NYNEX does not contend otherwise.

Consequently, there is no actual controversy between Donnelley and NYNEX and, accordingly, Donnelley should be dismissed as a party to this action.

NYNEX contends, however, that Rule 19 of the Federal Rules of Civil Procedure supports the retention of Donnelley as a party. Rule 19 actually relates to those persons not yet joined, but can be instructive on the propriety of retaining as a party an entity involuntarily joined. The Rule provides in relevant part:

(a) Persons to be Joined if Feasible.

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

The purpose of joining materially interested persons in suit is to permit a court to make a complete disposition of the matters before it. Fed.R.Civ.P. 19 advisory committee's note to 1966 amendment. NYNEX contends that Donnelley is an exclusive licensee, and, therefore, a necessary party. The Mark I—Donnelley license explicitly gives Donnelley the exclusive right to promote, market and sub-license the patent in its assigned area. License Agreement, annexed as Exhibit 1 to Plaintiffs' Memorandum in Opposition to Defendant Donnelley's Motion to Dismiss, ¶¶ 1, 6. Although an exclusive licensee generally possesses the right to enforce the patent as a matter of law, *Deitel v. Chisholm*, 42 F.2d

172, 173 (2d Cir.1930), the license may, by its terms, deny this right to the exclusive licensee. Accordingly, Donnelley contends that the license "explicitly reserved to Mark I of America" the right to enforce the patent. The language of the license merely states that Mark I may sue, but does not explicitly state that Donnelley may not sue. Because the facts must be construed in favor of the nonmoving party under the strict standards governing the motion to dismiss, the Court concludes, only for the purposes of this motion, that Donnelley is entitled to enforce the patent. *See Sanofi, S.A. v. Med–Tech Veterinarian Products,* 565 F.Supp. 931 (D.N.J.1983).

■ Therefore, according to NYNEX, the ultimate question presented in this case is whether an exclusive licensee is necessary for the complete disposition of a declaratory judgment action for patent infringement or invalidity against a patentee. Substantial research by the Court has uncovered no authority directly on point, and in similar actions, the courts are divided about the indispensability of an exclusive licensee as a party. *See* 10A C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure* § 2761, at 670–72, nn. 3–4 (1983). In *Owatonna Manufacturing Co. v. Melroe Co.,* 301 F.Supp. 1296 (D.Minn. 1969), in a suit for patent invalidity or non-infringement against one owner and an exclusive licensee, the court held that the co-owner of the patent was not an indispensable party. "Neither party has argued that this court could not render an adequate judgment even in the event that [the co-owner] does not become a party." *Id.* at 1306. Similarly, in *Acme Highway Products Corp. v. Maurer,* 524 F.Supp. 1130 (D.D.C.1981), the court ruled that in "a suit for a declaration of invalidity ... by an

alleged infringer against an exclusive licensee, the licensor is not an indispensable party under Rule 19." *Id.* at 1131. The court stated further that no actual controversy existed between the alleged infringer and the patent owner where only the exclusive licensee made the charges of infringement, and the owner did not. *Id.*

Accordingly, Donnelley is not an indispensable party in the instant case. The infringement threats were made by Mark I alone and in no way involved Donnelley. In addition, Donnelley's absence will not prevent this Court from completely adjudicating NYNEX's claims.[1]

The Court therefore grants defendant Donnelley's motion for dismissal. It is hereby ordered that the Complaint be dismissed as to defendant Donnelley for failure to state a claim upon which relief can be based.

SO ORDERED.

1. In any event, Donnelley has made the following representation in its Reply Brief:
   Donnelley is in privity with Mark I of America and its interests are adequately represented by Mark I. At the conclusion of this action, Donnelley will, thus, have had, through Mark I, a fair opportunity to litigate any claims and will be bound by the decision of the court under the doctrine of collateral estoppel.
   Reply Brief at 6.
   Apart from the application of principles of collateral estoppel, Donnelley may be precluded from taking an inconsistent position in a later action by principles of judicial estoppel. *See* 1A J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.405[8] (2d ed. 1984) at 239–40 ("Preclusion by inconsistent positions, or judicial estoppel, is limited to change of position taken in judicial proceedings.... As it has been put in a number of cases, one may not play 'fast and loose' with the judicial process."). The Court, however, does not decide these issues as they are not before it on this motion.